(April 29, 1999)

■ JAMES GREENFIELD, Respondent, v NEW YORK TELEPHONE COMPANY, Defendant, and METROPOLITAN FIBER SYSTEMS, INC., et al., Appellants and Third-Party Plaintiffs-Appellants. HUGH O'KANE ELECTRIC COMPANY, Third-Party Defendant-Respondent. [689 NYS2d 72] —Order, Supreme Court, New York County (Edward Lehner, J.), entered June 17, 1998, which, insofar as appealed from, denied the motion of defendants/third-party plaintiffs-appellants Metropolitan Fiber Systems, Inc. and Kiewit Network Technologies, Inc. for summary judgment dismissing the complaint against Kiewit and the Labor Law § 241 (6) claim against Metropolitan, unanimously reversed, on the law, without costs, the motion granted in full and the complaint and third-party complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint against them and dismissing their third-party complaint.

Plaintiff, an electrician in the employ of the third-party defendant subcontractor slipped and injured his back while lifting a manhole cover at a worksite at Third Avenue and East 55th Street in Manhattan. According to plaintiff, there was no notable debris in the area, just normal dirt and gravel ("There was nothing abnormal. It was Manhattan. You know."). Essentially, appellants are charged with having failed to ensure that the street was swept clean of the normal sandy gravel that is on every city street. We disagree with the motion court that factual issues exist precluding the grant of summary judgment to appellants.

The motion court dismissed plaintiff's common-law negligence and Labor Law § 200 claims against New York Telephone and Metropolitan, inasmuch as neither had any supervision or control over the contractor's methods respecting plaintiff's performance of the work (see, Comes v New York State Elec. & Gas Corp., 82 NY2d 876).

There is also no evidence in the record which raises any factual issue concerning the general contractor Kiewit's field engineer's authority to control the tools, or method, or any other aspect of the lifting of a manhole cover by plaintiff. Accordingly, on this basis alone, the Labor Law § 200 and common law negligence causes of action should have been dismissed

(*see, Simms v City of New York*, 221 AD2d 332; *Ramski v Zappia Enters.*, 229 AD2d 990).

Nor, as plaintiff urges, is five minutes reasonable time to "discover and correct the slipping and tripping hazard which caused the accident", since normal dirt and gravel on a city street is not the type of slipping and tripping hazard that would attract the notice of non-supervisory personnel. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837). Thus, even if Kiewit had supervisory authority, the notice precondition to any liability is absent.

As to plaintiff's claim under Labor Law § 241 (6), unlike *McCague v Walsh Constr.* (225 AD2d 530), cited by the motion court, which involved a one foot wide "pancake" of sand, ¼ to ½ inch thick, on a sloping ramp, plaintiff here slipped on the street; there was no slope and plaintiff was unable to attribute any thickness to it. In fact, when asked to describe the dirt and gravel, he replied "I don't recall exactly what I saw".

Industrial Code (12 NYCRR) § 23-1.7 (e) (2) (Protection from general hazards) provides, in pertinent part, that "floors, platforms and similar areas where persons work or pass shall be kept free of accumulations of dirt and debris". As noted above, plaintiff did not recall exactly what he saw, and his observation that there was normal dirt and gravel such as one might see anywhere on a city street does not, prima facie, establish any "accumulations of dirt and debris" and is insufficient to establish, prima facie, that the street was "in a slippery condition" as contemplated by subdivision (d) of that section.

Inasmuch as the complaint is being dismissed against appellants, their third-party claims against plaintiff's employer are moot, and accordingly, the third-party complaint should also be dismissed. Concur—Ellerin, P. J., Wallach, Mazzarelli and Andrias, JJ.