■ PAUL O'CONNOR, Respondent, v LINCOLN METROCENTER PARTNERS, L.P., et al., Defendants, and R&J CONSTRUCTION CORP., Appellant. (And a Third-Party Action.) [698 NYS2d 632] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered on or about January 29, 1998, which, to the extent appealed from as limited by defendant-appellant's brief, granted plaintiff's motion for summary judgment upon his Labor Law § 240 (1) claim and denied the cross motion of defendant-appellant R&J Construction Corp. for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered September 4, 1998, which, to the extent appealed from, denied defendant-appellant R&J's motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable order.

Plaintiff was employed by third-party defendant S&A Concrete Co. at a construction project for a 56-story building.

On January 3, 1994, he was assigned to strip forms from recently poured concrete on the 24th floor. Access to the work site was gained by elevator and a stairway leading up from the 19th floor. While crossing the 19th floor from the elevator, plaintiff fell into a three-foot by four-foot opening in the floor when the plywood that had been placed over it shifted and gave way. Plaintiff was able to avoid falling to the floor below by holding himself chest-deep in the opening until co-workers could pull him out.

There is no merit to appellant's contention that plaintiff was not actually engaged in work involving a gravity-related risk at the time of the accident so as to come within the protection of Labor Law § 240 (1) (*Serpe v Eyris Prods.*, 243 AD2d 375, 377-378 [painter fell into uncovered staircase opening]; *Carpio v Tishman Constr. Corp.*, 240 AD2d 234, 235-236 [painter fell into unprotected hole in floor]; *see also, Robertti v Chang*, 227 AD2d 542, 543, *lv dismissed* 88 NY2d 1064 [fall through corrugated metal decking]). Plaintiff was clearly acting at the direction of his employer, and was present at the construction site as a person employed in the erection of a building or structure within the contemplation of Labor Law § 240 (1) (*cf., Jock v Fein*, 80 NY2d 965 [employee not engaged in construction of building or structure]; *Higgins v 1790 Broadway Assocs.*, 261 AD2d 223 [elevator repair plainly outside scope of porter's employment]).

It is apparent, both from the deposition testimony given by the general contractor's construction site superintendent and from the contract between appellant and the general contractor, defendant Lehrer McGovern Bovis, Inc., that appellant R&J was charged with the duty to provide "[c]overs over all floor openings, properly cleated to the floor." As such, R&J was an agent of the contractor, having been delegated the duties imposed by the statute upon the contractor (*Page v La Buzzetta*, 73 AD2d 483, 484, *lv dismissed* 51 NY2d 704 [citing *Kelly v Diesel Constr. Div.*, 35 NY2d 1, 7]). Thus, appellant had the requisite control over the work that resulted in injury to plaintiff to be held accountable under Labor Law § 240 (1); § 241 (6) and § 200 (*see, Lemma v Forest City Pierrepont Assocs.*, 214 AD2d 493).

Appellant R&J urges dismissal of the Labor Law § 241 (6) claim for plaintiff's failure to plead specific violations of the Industrial Code. However, plaintiff did specifically allege violations of 12 NYCRR 23-1.7 (b) (1) (i) and 23-2.4 (b) (1) (i), albeit in response to appellant's summary judgment motion. These code provisions require all hazardous openings to be covered

and even temporary flooring to be secured against movement. Plaintiff's reliance upon these regulations does not entail the allegation of new facts and has caused no prejudice to R&J. We therefore affirm what was, in effect, the IAS Court's grant of a motion to amend the pleadings (*McQuaig v Olympia & York 125 Broad St. Co.*, 247 AD2d 273). Concur—Rosenberger, J. P., Williams, Rubin, Saxe and Buckley, JJ.