■ SCOTT A. LUCKERN et al., Appellants-Respondents, v LYONSDALE ENERGY LIMITED PARTNERSHIP et al., Respondents-Appellants, et al., Defendants. HOLTEC INTERNATIONAL, INC., et al., Third-Party Plaintiffs, v CIANBRO CORPORATION, Third-Party Defendant-Respondent-Appellant. [722 NYS2d 632] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Scott A. Luckern (plaintiff) in a work-related accident during the construction of the Lyonsdale Power Plant. Plaintiff was injured while on top of a 12-foot-high condenser tank, attempting to locate a vacuum leak. The rupture disc on the tank imploded, and plaintiff was drawn partially inside the tank.

Defendant Lyonsdale Energy Limited Partnership (Lyonsdale) is the owner of the plant, and a joint venture involving defendant Midwesco, Inc. (Midwesco) and plaintiff's employer, third-party defendant, Cianbro Corporation (Cianbro), was the general contractor. The joint venture contracted with defendant-third-party plaintiff Holtec International, Inc. (Holtec) for the purchase of the condenser and rupture disc. The condenser was designed by Holtec and built by J.D. Cousins, Inc., which shipped it directly to the construction site. Holtec ordered the rupture disc from defendant Continental Disc Corporation (CDC), which also shipped it directly to the construction site. The condenser and rupture disc were allegedly installed at the construction site by defendant Frank Lill & Sons, Inc. (Lill) under contract with the joint venture.

The condenser reduces exhaust steam from the plant's turbine to liquid form, and it operates at both positive and negative pressure. The rupture disc is designed to burst and relieve the positive pressure inside the tank when that pressure reaches a critical level. In this case, the rupture disc was made with extremely thin pie-shaped metal flanges, which covered a hole 20 inches in diameter in the top of the tank. When the flanges are closed, the rupture disc should be airtight, sealing the tank.

During the course of bringing the condenser system on-line, it was discovered that the condenser was not drawing a full vacuum. Plaintiff and a co-worker were assigned to locate the vacuum leak. The accident occurred during the course of that work, while the condenser was at "near vacuum."

Based on the various accounts of the accident, it appears that the source of the vacuum leak was either the rupture disc itself or its retaining ring. It is not clear from those accounts, however, whether the rupture disc suddenly imploded because of that leak or because plaintiff inadvertently placed his hand on the disc's thin metal flanges and pushed them inward. The only warning posted near the rupture disc warned of the venting direction should it burst and stated: "RELEASE OF PRESSURE & NOISE UPON VENTING MAY CAUSE INJURY." There were no warnings posted concerning the danger of implosion.

Supreme Court erred in granting that part of the motion of Lyonsdale and Midwesco seeking summary judgment dismissing the first and second causes of action against them. Those causes of action allege common-law negligence and a violation of Labor Law § 200, respectively. In support of their motion, those defendants submitted proof that they did not control or direct the work that gave rise to plaintiff's accident. An owner and general contractor, however, owe a duty under the common law as codified in Labor Law § 200 to provide a safe place to work (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877), and those defendants did not address plaintiffs' allegation that the thinly covered rupture disc hole was a dangerous condition, rendering the top of the condenser a dangerous place to work (*see, Sponholz v Benderson Prop. Dev.*, 273 AD2d 791, 792-793). The contention of Midwesco that it was not a general contractor is raised for the first time on appeal and therefore is not preserved for our review (*see, Walker v Huber*, 254 AD2d 734). "This is not a case where the facts are undisputed and only a purely legal point is being raised for the first time on appeal" (*Lindgren v New York City Hous. Auth.*, 269 AD2d 299, 303).

The third cause of action alleges that Lyonsdale and Midwesco violated Labor Law § 240 (1). Although the court properly denied plaintiffs' motion seeking partial summary judgment on that cause of action, it erred in denying that part of the motion of those defendants seeking summary judgment dismissing it against them. Lyonsdale and Midwesco met their initial burden by submitting proof establishing that the accident was caused by an implosion (*see, Brennan v Carriage House Motor Cars*, 224 AD2d 204), and plaintiffs failed to raise a triable issue of fact whether the accident was gravity-related. Although plaintiffs' expert attributed the implosion to a difference in air pressure and indicated that the force of gravity causes air pressure, "[t]he extraordinary protections of Labor Law § 240 (1) * * * do 'not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity' (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [emphasis in original]). The core objective of the statute in requiring protective devices for those working at heights is to allow them to complete their work safely and prevent them from falling. Where an injury results from a separate hazard wholly unrelated to the risk which brought about the need for the safety device in the first instance, no section 240 (1) liability exists" (*Nieves v Five Boro Air Conditioning & Refrig. Corp.*, 93 NY2d 914, 915-916).

The fourth cause of action alleges the violation of Labor Law § 241 (6) by Lyonsdale and Midwesco. The court properly granted that part of the motion of those defendants seeking summary judgment dismissing that cause of action to the extent that it is based on 12 NYCRR 23-1.22 (c). That section "addresses standards applicable to platforms used as a work area" (*Bryant v General Elec. Co.*, 221 AD2d 687, 689). Because plaintiff was not working on a platform, that regulation is not applicable to this case (*see, Gile v General Elec. Co.*, 272 AD2d 833, 835). The court also properly denied that part of the motion of those defendants seeking summary judgment dismissing the fourth cause of action to the extent that it is based on 12 NYCRR 23-1.7 (b) (1). That section applies to "[e]very hazardous opening into which a person may step or fall" (12 NYCRR 23-1.7 [b] [1] [i]), provided that the " 'hazardous opening' * * * [is] one of significant depth and size, i.e., more than 5 by 12 inches wide and 15 to 24 inches deep" (*D'Egidio v Frontier Ins. Co.*, 270 AD2d 763, 765, *lv denied* 95 NY2d 765). Arguably, the thinly covered rupture disc hole constitutes a hazardous opening into which a worker could fall or step. Section 23-1.7 (b) (1) (iii) provides that, "[w]here employees are required to work close to the edge of such an opening, such em-

ployees shall be protected as follows: * * * (c) An approved safety belt with attached lifeline which is properly secured to a substantial fixed anchorage." Lyonsdale and Midwesco failed to meet their initial burden of establishing that a safety belt would not have prevented plaintiff from being drawn into the rupture disc hole after the implosion (*see generally, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

The court, however, erred in denying that part of the motion of those defendants seeking summary judgment dismissing the fourth cause of action to the extent that it is based on 12 NYCRR 23-1.15 and 23-1.16. Section 23-1.15 sets standards for the construction of safety railings, and section 23-1.16 sets standards for "[s]afety belts, harnesses, tail lines and lifelines." Because there was no safety railing and plaintiff was not provided with a safety belt, harness, tail line or lifeline, neither of those sections is applicable here (*see, Avendano v Sazerac, Inc.*, 248 AD2d 340, 341).

Midwesco further contends that the court erred in denying its motion for summary judgment on the workers' compensation defense. That motion was premised upon proof of the joint venture agreement with Cianbro. Under that agreement, however, employees who were loaned by Cianbro to work on the project, such as plaintiff, remained in the employment of Cianbro and were not employees of the joint venture, and thus Midwesco's motion was properly denied.

Additionally, although the court properly denied those parts of the motion of Holtec seeking summary judgment dismissing the first (common-law negligence) and ninth (products liability) causes of action against it, the court erred in granting Holtec's motion to the extent that it sought summary judgment dismissing the eighth cause of action (breach of warranty) against Holtec. As the court properly determined, there are triable issues of fact whether Holtec was negligent in the design of the condenser (*see, Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988, 989). Further, as the seller of the condenser and rupture disc, Holtec was under a duty to give reasonable warnings of known latent dangers (*see, McLaughlin v Mine Safety Appliances Co.*, 11 NY2d 62, 68-69). The affidavits submitted by Holtec in support of its motion are insufficient to establish as a matter of law that it had discharged that duty (*see, DaBenigno v Sunbeam Corp.*, 216 AD2d 248, 249). Holtec also warranted as the supplier of the rupture disc that the rupture disc was "free from defects, merchantable and fit for the purposes intended." Contrary to the court's determination, there is a triable issue of fact whether the rupture disc was not

fit for its intended purposes because it was leaking and unable to maintain full vacuum service. We note that on appeal plaintiffs consent to dismissal of the sixth cause of action against Holtec.

We reject the contention of CDC that the court erred in denying those parts of its motion seeking summary judgment dismissing the first (common-law negligence), eighth (breach of warranty) and ninth (products liability) causes of action against it. We also reject the contention of Lill that the court erred in denying those parts of its motion seeking summary judgment dismissing the first cause of action against it. Lill failed to meet its initial burden of establishing either that it did not install the disc or that, if it did install the disc, that the installation was proper (*see generally*, *Alvarez v Prospect Hosp.*, *supra*, at 324). "Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, *supra*, at 324). Finally, the court properly denied the motion of Cianbro seeking summary judgment dismissing the complaint.

We therefore modify the order by (1) denying that part of the motion of Lyonsdale and Midwesco seeking summary judgment dismissing the first and second causes of action against them and reinstating those causes of action against them; (2) granting that part of the motion of Lyonsdale and Midwesco seeking summary judgment dismissing the third cause of action against them and dismissing that cause of action against them; (3) granting that part of the motion of Lyonsdale and Midwesco seeking summary judgment dismissing the fourth cause of action against them to the extent that it is based on 12 NYCRR 23-1.15 and 23-1.16 and dismissing that cause of action against them to that extent; (4) dismissing the sixth cause of action against Holtec upon the consent of plaintiffs; and (5) denying that part of the motion of Holtec seeking summary judgment dismissing the eighth cause of action against it and reinstating that cause of action against it. (Appeals from Order of Supreme Court, Lewis County, Parker, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes, Wisner and Scudder, JJ.