■ TIMUCIN ULUTURK et al., Respondents, v CITY OF NEW YORK et al., Respondents, and F.W. SIMS, INC., Appellant. (And Other Actions.) [748 NYS2d 371] —Amended order and judgment

(one paper), Supreme Court, New York County (Joan Madden, J.), entered November 13, 2001, which, to the extent appealed from as limited by the brief, granted plaintiffs' motion for partial summary judgment as to liability on their Labor Law § 241 (6) cause of action, granted the cross motion of defendant Triborough Bridge and Tunnel Authority (TBTA) for summary judgment upon its cross claim for contractual indemnification against defendant F.W. Sims, Inc. (Sims) and held that Sims had a duty to defend TBTA, unanimously affirmed, without costs.

The accident in which plaintiff was allegedly injured occurred during the construction of a vehicle maintenance facility for the TBTA on Randalls Island. Defendant Worth Construction Corp. (Worth), the general contractor for the project, subcontracted with third-party defendant Princeton Restoration Corp. (Princeton) to construct several roofs on the facility and with defendant Sims to install the HVAC systems. Plaintiff, a roofing foreman with Princeton, was injured when he fell through a ventilation duct, uncovered and unguarded in violation of 12 NYCRR 23-1.7 (b) (1) (i).

The court properly granted plaintiffs' motion for partial summary judgment on their Labor Law § 241(6) cause of action against Sims, the subcontractor that controlled the ventilation duct work at the project (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311). Although the affirmative defense of comparative negligence was validly raised by Sims (*see Fisher v Brown Group*, 256 AD2d 1069), evidentiary proof sufficient to defeat plaintiffs' motion was not submitted.

The court also correctly granted the TBTA summary judgment on its cross motion for contractual indemnification against Sims and held that Sims had a duty to defend the TBTA. The record is devoid of evidence of negligence on the TBTA's part (*see Sheehan v Fordham Univ.*, 259 AD2d 328), and contrary to Sims' contentions, a showing of negligence on its part was not necessary because "[i]n contractual indemnification, the one seeking indemnity need only establish that it was free from any negligence and was held liable solely by virtue of the statutory liability. Whether or not the proposed indemnitor was negligent is a non-issue and irrelevant" (*Correia v Professional Data Mgt.*, 259 AD2d 60, 65).

We have considered Sims' remaining contentions and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Buckley, Sullivan and Ellerin, JJ.