■ ANTHONY D'ACUNTI et al., Respondents-Appellants, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY et al., Appellants-Respondents. [751 NYS2d 459] —Order, Supreme Court, New York County (Michael Stallman, J.), entered on or about June 10, 2002, which, to the extent appealed and cross-appealed from as limited by the briefs, denied defendants' motion and cross motion insofar as such motions sought dismissal of plaintiffs' Labor Law § 240 (1) and § 241 (6) claims, granted plaintiffs' cross motion insofar as to award plaintiffs partial summary judgment on their Labor Law § 240 (1) claim, and denied so much of plaintiffs' cross motion as sought leave to amend their bill of particulars to add certain violations of the Industrial Code as additional predicates for their Labor Law § 241 (6) cause of action, unanimously modified, on the law, to grant defendants' motion insofar as to dismiss the claim based on Labor Law § 241 (6), and otherwise affirmed, without costs.

The record establishes that plaintiff, whose injury occurred when he slid four feet down a barrel roof, was engaged in "construction work" within the meaning of Labor Law § 240 (1) (*see Caraciolo v 800 Second Ave. Condominium*, 294 AD2d 200, 201-202). Plaintiff's slide down the roof resulted from the type of extraordinary elevation-related risk which Labor Law § 240 (1) was enacted to guard against, plaintiff's fall having been caused, at least partially, by the lack of safety devices (*see Striegel v Hillcrest Hgts. Dev. Corp.*, 266 AD2d 809).

However, the court should have dismissed plaintiff's Labor Law § 241 (6) claim. Plaintiff's attempt to predicate his Labor Law § 241 (6) claim on defendants' violation of 12 NYCRR 23-1.24 (a) and (b) is unavailing since plaintiff submitted no evidence that the pitch of the roof exceeded one in four inches. Nor may plaintiff rely on 12 NYCRR 23-1.7 (d) since there is no evidence that the accumulations of dirt and debris constituted a "slippery condition" within the meaning of the cited Industrial Code section (*see Greenfield v New York Tel. Co.*, 260 AD2d 303, *lv denied* 94 NY2d 755). The court properly

denied plaintiffs' cross motion insofar as it sought leave to amend plaintiffs' bill of particulars to allege violations of 12 NYCRR 23-1.16. That section, which sets standards for "[s]afety belts, harnesses, tail lines and lifelines," is inapplicable where, as here, plaintiff was not provided with any of those devices (*see Luckern v Lyonsdale Energy Ltd. Partnership*, 281 AD2d 884; *Avendano v Sazerac, Inc.*, 248 AD2d 340, 341). Concur—Andrias, J.P., Saxe, Sullivan, Friedman and Gonzalez, JJ.