■ IRA FAULKNER, Appellant, v ALLIED MANOR ROAD COMPANY et al., Respondents. [760 NYS2d 853] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered July 26, 2002, which, in this action to recover for personal injuries pursuant to Labor Law §§ 200 and 241 (6), inter alia, granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny defendants' motion with respect to plaintiff's Labor Law § 241 (6) claim and to reinstate that claim, and otherwise affirmed, without costs.

Plaintiff, an employee of C.R. Roofing, sustained second-degree burns to the eyes, nose and face when he stumbled while carrying a bucket containing hot tar. Contrary to the motion court's conclusion, removal of the old roof, application of rigid insulating foam and installation of new decking, drains, expansion joints, flashing and roof membrane is sufficiently extensive to constitute a *"significant* physical change to the configuration or composition of the building or structure" and thus to bring the work within the Labor Law's protective ambit (*see Joblon v Solow*, 91 NY2d 457, 465 [1998]).

Summary judgment dismissing plaintiff's Labor Law § 241 (6) claim should have been denied inasmuch as the record discloses the existence of a triable issue as to whether plaintiff's injuries are attributable to a violation of section 241 (6) by defendants by reason of their alleged failure to keep the work

site free of accumulations of debris in accordance with 12 NYCRR 23-1.7 (e) (2). Plaintiff's deposition testimony indicates that removal of sections of the old roof was still ongoing while sections of new roofing were being installed. Plaintiff's statement that the accident took place "in the middle of the roof where the job is going on" refers to the removal of the old roof, because the destination for the tar was "the end of the roof," 15 yards away from the scene of the accident. Plaintiff specifically identified the cause of his tripping, stating, "The old roof. The roofing." Therefore, the assertion contained in his opposing affidavit that, while "carrying the bucket, I felt my foot hit against some debris and I stumbled and the hot tar splashed into my face and eyes" cannot be regarded as merely a self-serving allegation calculated to contradict an admission made in the course of previous testimony (*cf. Joe v Orbit Indus.*, 269 AD2d 121, 122 [2000]; *Kistoo v City of New York*, 195 AD2d 403, 404 [1993]; *Prunty v Keltie's Bum Steer*, 163 AD2d 595, 596 [1990]). The motion court did, however, properly conclude that the evidence failed to raise a triable issue as to whether defendants exercised supervision and control over the work so as to subject them to liability pursuant to Labor Law § 200 (*see Artiga v Century Mgt. Co.*, 303 AD2d 280 [2003]; *Aragon v 233 W. 21st St.*, 201 AD2d 353 [1994]; *Curtis v 37th St. Assoc.*, 198 AD2d 62 [1993]). Concur—Andrias, J.P., Sullivan, Ellerin, Williams and Lerner, JJ.