■ DOMINGO R. VELASCO, Respondent, v THE GREEN-WOOD CEMETERY et al., Appellants. [779 NYS2d 459]—

Order, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered February 9, 2004, which, in an action for personal injuries sustained in a fall from a ladder, inter alia, granted plaintiff's cross motion for partial summary judgment on the issue of defendant property owners' liability under Labor Law § 240 (1), unanimously affirmed, without costs.

Defendants argue that the ladder was in no way defective, and that the only cause of the accident was plaintiff's own negligence in helping to set up the ladder in soil and then using it even though he knew that his coworker was not holding it. The argument overlooks plaintiff's evidence that no safety devices were provided to protect him in the event the ladder slipped. Given an unsecured ladder and no other safety devices, plaintiff cannot be held solely to blame for his injuries (*see Davis v Selina Dev. Corp.*, 302 AD2d 304, 305 [2003]; *Bonanno v Port Auth.*, 298 AD2d 269, 270 [2002]; *cf. Blake v Neighborhood Hous. Servs.*, 1 NY3d 280, 290 [2003]). Plaintiff's use of the ladder without his coworker present amounted, at most, to comparative negligence, which is not a defense to a section 240 (1) claim (*see Hernandez v 151 Sullivan Tenant Corp.*, 307 AD2d 207, 208 [2003]). In addition, the work that plaintiff's employer was hired to perform—replacing loose and broken slate roof tiles, cleaning gutters, installing new flashing cement, installing new copper flashing and repairing a roof leak—was not, as defendants argue, routine maintenance for which section 240 (1) affords no protection, but rather "alteration" work as to which the statute applies (*see Faulkner v Allied Manor Rd. Co.*, 306 AD2d 224 [2003]). Nor does it avail defendants to argue that the specific work plaintiff was performing at the time of his accident—waterproofing windows and roof water channels with sealant—was not a necessary and integral part of the completion of the roof repair work that plaintiff's employer was hired to perform; it suffices that plaintiff was performing his task while the alteration work was still ongoing (*see Martinez v City of New York*, 93 NY2d 322, 326 [1999]; *Campisi v Epos Contr. Corp.*, 299 AD2d 4, 6, 8 [2002]). We have considered and rejected defendants' other arguments. Concur—Tom, J.P., Saxe, Ellerin, Williams and Gonzalez, JJ.