■ GERALD WYCKOFF et al., Appellants-Respondents, v JUJAMCYN THEATERS, INC., et al., Respondents, and DAMOND A. DELBELLO, M.D., Respondent-Appellant, et al., Defendants. [784 NYS2d 26]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered July 11, 2003, which, in an action for

personal injuries sustained when plaintiff fell on defendant theater's premises, and allegedly exacerbated by the alleged malpractice of defendants hospital and physicians in timely diagnosing and treating plaintiff's neck fracture, granted defendants' motions for summary judgment to the extent of dismissing the action as against the theater and dismissing so much of the malpractice claims as seek to recover for postsurgical residual arm weakness, unanimously modified, on the law, to deny the medical defendants' motions in their entirety, the claim for postsurgical residual arm weakness reinstated, and otherwise affirmed, without costs.

The IAS court properly dismissed the action as against the theater based on (1) plaintiff's testimony which fails to identify any reason which can be related to any negligent act or omission of defendant theater which proximately caused him to fall or suffer injuries; (2) the undisputed testimony of its house manager that she was unaware of any violations ever having been issued to the theater, or of any complaints or similar accidents involving steps on the theater's mezzanine level where plaintiff fell; (3) the testimony of the theater's expert that the steps are structurally safe and in conformity with both the current Building Code and that in effect when the theater was built in 1921; and (4) the failure of plaintiff's expert to raise an issue of fact as to whether the steps are structurally unsafe. The Building Code provision regulating "interior stairs" on which plaintiff's expert relies (Administrative Code of City of NY § 27-375) does not apply to stairs located in aisles (Administrative Code § 27-232 defining "interior stair" and "exit"), and is in any event inapplicable because the theatre was constructed in 1921 (*see Courtney v Abro Hardware Corp.*, 286 App Div 261, 262, 265 [1955] [Breitel dissenting], *affd* 1 NY2d 717 [1956]).

Concerning the malpractice claims, defendants were not prejudiced by plaintiff's failure to specify postsurgical residual arm weakness in his bill of particulars, which weakness flowed naturally from the injuries that were set forth in the bill of particulars, was well documented in plaintiff's medical records and was a major subject of the depositions. Nor did the affidavit of plaintiff's expert fail to raise an issue of fact as to whether such residual arm weakness was caused by defendants' alleged delay in diagnosing and treating plaintiff's injury. While it is true that the same surgery, a spinal fusion, would have been recommended with or without the delay, it cannot be said as a matter of law that the original injury to plaintiff's cervical spine was not aggravated during his stay in defendant hospital, where, during the week before he was properly diagnosed with a cervi-

cal fracture, his neck remained unstabilized and he underwent physical therapy. Concur—Tom, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.