■ STANISLAW DZIERAN, Respondent, v 1800 BOSTON ROAD, LLC, Appellant, et al., Defendant. [808 NYS2d 36]—

Order, Supreme Court, Bronx County (Mary Ann Briganti-Hughes, J.), entered May 2, 2005, which, inter alia, denied the motion of defendant 1800 Boston Road, LLC for summary judgment dismissing the complaint as against it and granted plaintiff's cross motion for partial summary judgment on his Labor Law §§ 240 and 241 (6) claims, and order, same court and Justice, entered August 10, 2005, which, upon reargument, adhered to the court's original determination, unanimously modified, on the law, the award of partial summary judgment to plaintiff on his Labor Law § 241 (6) claim vacated and defendant's summary judgment motion granted insofar as to dismiss the section 241 (6) claim, and otherwise affirmed, without costs.

Plaintiff, while working without safety devices, fell approximately 10 feet off a platform that was being constructed for storage purposes. The court properly granted plaintiff's cross motion for partial summary judgment on his Labor Law § 240 (1) claim against defendant-appellant, the owner of the building undergoing renovation, since the lack of safety devices was a proximate cause of the accident and ensuing injuries (*see John v Baharestani*, 281 AD2d 114 [2001]). No triable issue of fact is presented as to whether plaintiff was appellant's special employee. Although appellant and plaintiff's employer were managed by the same individual, the record discloses no evidence that plaintiff's employer transferred control over plaintiff to appellant (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553 [1991]).

There is, however, merit to appellant's contention that plaintiff's Labor Law § 241 (6) claim should have been dismissed. Plaintiff's reliance on alleged violations of 12 NYCRR 23-1.15, 23-1.16 and 23-1.17 is misplaced. Those sections, which set standards for safety railings, safety belts and life nets, respectively, do not apply because plaintiff was not provided with any such safety devices (*see D'Acunti v New York City School Constr.*

*Auth.*, 300 AD2d 107, 108 [2002]). 12 NYCRR 23-1.22 (c) is inapplicable because the platforms contemplated by that section are "those used to transport vehicular and/or pedestrian traffic" (*Curley v Gateway Communications*, 250 AD2d 888, 892 [1998]), and plaintiff was not working on such a platform. Nor was there a violation of section 23-1.7 (b) since plaintiff's fall was less than 15 feet (12 NYCRR 23-1.7 [b] [1] [iii] [a]).

We have considered appellant's remaining contentions and find them unavailing. Concur—Tom, J.P., Andrias, Gonzalez and Sweeny, JJ.