■ CHARLES C. BONSE et al., Respondents-Appellants, v KATRINE APARTMENT ASSOCIATES, Appellant-Respondent. [813 NYS2d 578]—

Carpinello, J. Cross appeals from an order of the Supreme Court (Doyle, J.), entered December 22, 2004 in Ulster County, which partially granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Charles C. Bonse (hereinafter plaintiff) was assisting coworkers in renovating a second-floor apartment within an apartment complex owned by defendant when he stepped onto exposed flooring and injured himself. Specifically, he was carrying a piece of plywood for the floor when he stepped onto the extant subflooring and his left foot broke through it, as well as through the sheetrock of the first-floor ceiling below. In this action, plaintiff and his wife, derivatively, allege negligence and Labor Law violations. The parties cross-appeal from an order of Supreme Court which granted defendant summary judgment with respect to the Labor Law § 240 (1) claim, but denied such relief with respect to the Labor Law §§ 200 and 241 (6) claims. We affirm.

First, we agree with Supreme Court's assessment that plaintiff's accident was not the result of a special elevation-related hazard so as to come within the protection of Labor Law § 240 (1) (see D'Egidio v Frontier Ins. Co., 270 AD2d 763, 765-766 [2000], lv denied 95 NY2d 765 [2000]; Avelino v 26 Railroad Ave., 252 AD2d 912, 912-913 [1998]; compare Craft v Clark Trading Corp., 257 AD2d 886, 887-888 [1999]). Next, we further agree that 12 NYCRR 23-1.7 (b) (1) is sufficiently specific to serve as a predicate for plaintiffs' Labor Law § 241 (6) claim and that questions of fact exist with respect to defendant's alleged violation of it (cf. D'Egidio v Frontier Ins. Co., supra).

Finally, defendant failed to make a prima facie showing of entitlement to summary judgment dismissing the Labor Law § 200 cause of action in that it failed to produce competent evidence establishing that it lacked supervision or control over the work being performed by plaintiff and/or that it lacked notice of the unsafe condition of the subject apartment. Thus, regardless of the adequacy of plaintiffs' opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]), Supreme Court properly denied this branch of defendant's motion.

Cardona, P.J., Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.