CRAIG ELLIS, Respondent, v J.M.G., INC., Doing Business as J.M.G. CUSTOM HOMES, Appellant and Third-Party Plaintiff. RES-COM HEATING AND AIR CONDITIONING, INC., Third-Party Defendant-Appellant. [818 NYS2d 724]—

Appeals from an order of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered February 28, 2006 in a personal injury action. The order, insofar as appealed from, denied third-party defendant's motion to bifurcate the trial, granted the cross motion of plaintiff for leave to amend his bill of particulars, and denied defendant's cross motion for summary judgment dismissing the Labor Law § 241 (6) cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this common-law negli-

gence and Labor Law action seeking damages for injuries he sustained while working for third-party defendant, a subcontractor hired by defendant-third-party plaintiff (defendant). Plaintiff stepped into an open sump hole in a basement while installing electrical wire in the first-floor joists, resulting in an injury to his left foot that required bone fusion surgery and allegedly progressed into reflex sympathetic dystrophy, all of which allegedly caused plaintiff to suffer chronic pain and depression. Supreme Court did not abuse its discretion in denying third-party defendant's motion to bifurcate the trial. Plaintiff established in opposition to the motion "that the nature of [his] injuries has an important bearing on the issue of liability" (*Martinez v Town of Babylon*, 191 AD2d 483, 484 [1993] [internal quotation marks omitted]; *see Iszkiewicz v Town of Lancaster*, 16 AD3d 1163 [2005]) and thus that "bifurcation would not 'assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action' " (*Mazur v Mazur*, 288 AD2d 945, 945-946 [2001], quoting 22 NYCRR 202.42 [a]).

We further conclude that the court properly granted the cross motion of plaintiff for leave to amend his bill of particulars to identify the section of the Industrial Code allegedly violated, i.e., 12 NYCRR 23-1.7 (b) (1). Although the note of issue and certificate of readiness had been filed, there was no "unfair surprise or prejudice" to defendant or third-party defendant (*Walker v Metro-North Commuter R.R.*, 11 AD3d 339, 341 [2004]; *see Glionna v Kubota, Ltd.*, 154 AD2d 920 [1989]; *see also Harris v Rochester Gas & Elec. Corp.*, 11 AD3d 1032, 1033 [2004]). In addition, we conclude that the court properly denied that part of defendant's cross motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action. Contrary to defendant's contention, 12 NYCRR 23-1.7 (b) (1) is applicable to the facts of this case because it "applies to [e]very hazardous opening into which a person may step or fall . . . , provided that the hazardous opening . . . [is] one of significant depth and size" (*Luckern v Lyonsdale Energy Ltd. Partnership*, 281 AD2d 884, 886 [2001] [internal quotation marks omitted]). Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.