(January 16, 2007)

■ HART BELL et al., Appellants, v BENGOMO REALTY, INC., et al., Respondents, et al., Defendant. [829 NYS2d 42]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered July 18, 2005, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim, and granted the cross motions of defendants Willow Media, Mackin Media, MFG Advertising (collectively Willow Media), Bengomo Realty and Astrov Contractors for summary judgment dismissing the complaint, unanimously modified, on the law, to grant plaintiff's motion for partial summary judgment on the issue of defendants Bengomo Realty's and Willow Media's liability under Labor Law § 240 (1), deny defendants Bengomo Realty's and Willow Media's cross motion for summary judgment with respect to the claims under Labor Law § 241 (6), and deny defendant Astrov's cross motion for summary judgment with respect to the common-law negligence claim, any cross claims for

indemnification against Astrov reinstated, and otherwise affirmed, with costs.

Plaintiff was employed as an electrician by nonparty Empire Erectors, who was contracted by lessee Willow Media to erect two billboards in a parking lot owned by Bengomo Realty. Plaintiff sustained injuries when the ground under his feet gave way, causing him to fall into the open trench excavated by defendant subcontractor Astrov and hit the rebar installed therein. Plaintiff claims that his injuries were caused by the defendants' negligence in excavating the trench.

Summary judgment in favor of plaintiff on the issue of liability under Labor Law § 240 (1) should have been granted as against Bengomo Realty as the owner of the property (see Coleman v City of New York, 91 NY2d 821, 822-823 [1997]; Spagnuolo v Port Auth. of N.Y. & N.J., 8 AD3d 64 [2004]), and Willow Media who, as lessee, contracted for the work (see Guzman v L.M.P. Realty Corp., 262 AD2d 99 [1999]). To complete his task of installing conduit lines from above ground into the trench, plaintiff's work necessitated close proximity to the trench edge to obtain measurements from his coworker below. His fall into the excavated trench, allegedly caused by a failure to shore or brace the trench and an undercutting of the trench such that a portion of the asphalt on which he had to stand protruded beyond the edge of the excavation, is the type of elevation-related risk for which section 240 (1) provides protection (see Trillo v City of New York, 262 AD2d 121 [1999]). However, the section 240 (1) claim was properly dismissed as against Astrov, who could not have been an agent under section 240 (1) since it had completed its job of excavating the trench the day before the accident and had neither control over the use of the trench, nor, as shown by its contract with Empire Erectors, responsibility for its maintenance, and indeed, it was not even present at the job site at the time of the accident (see Morales v Spring Scaffolding, Inc., 24 AD3d 42, 46-47 [2005]).

Because the safety measures required by 12 NYCRR 23-1.7 (b) "bespeak of protections against falls from an elevated area to a lower area through openings large enough for a person to fit" (Messina v City of New York, 300 AD2d 121, 123 [2002]), the evidence that plaintiff's coworker was already in the trench when plaintiff fell in is sufficient to show a violation of that section (see Wells v British Am. Dev. Corp., 2 AD3d 1141, 1144 [2003]). Likewise, violations of 12 NYCRR 23-4.2 (a), (e) and 23-4.4 (a) are supported by plaintiff's evidence, consisting of his deposition testimony and that of eyewitness Tommy Martucci, as to how the accident happened and the six-to-seven-foot depth of

the trench (*Wells* at 1144). Thus, the section 241 (6) claims should be reinstated as against Bengomo Realty and Willow Media (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]; *cf. Crespo v Triad, Inc.*, 294 AD2d 145, 147 [2002]). As against Astrov, however, the section 241 (6) was properly dismissed because there was no evidence that it was a statutory agent, owner or general contractor at the site (*Andrade v Triborough Bridge & Tunnel Auth.*, 35 AD3d 256, 257 [2006]). We note that where the liability of the owner or of the general contractor is only statutory, common-law indemnification is available against the party whose negligence caused the plaintiff's injuries (*Buccini v 1568 Broadway Assoc.*, 250 AD2d 466, 468 [1998]).

As to the common-law negligence claim and its statutory counterpart, Labor Law § 200, both were properly dismissed as against Bengomo and Willow because they did not direct, control or supervise the excavation of the trench (*see Cahill v Triborough Bridge & Tunnel Auth.*, 31 AD3d 347, 350 [2006]). While Astrov did have authority and control over the excavation of the trench, which is alleged to have been the instrumentality giving rise to plaintiff's injury, this is insufficient. "To impose liability under section 200, it is necessary to show authority and control over plaintiff's 'work' " (*Ryder v Mount Loretto Nursing Home*, 290 AD2d 892, 894 [2002], citing *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]). Astrov, an excavator, had no control over plaintiff, an electrician. However, given testimony that the excavated trench was at least five feet deep, thereby implicating possible Code violations for failure to shore or brace the trench, and the fact that the overhanging asphalt collapsed under plaintiff's weight, there remain issues of fact as to whether Astrov's excavation of the trench was negligent, and, if so, created an unreasonable risk of harm to plaintiff and proximately caused his fall. Accordingly, the action should continue against Astrov on a common-law negligence theory (*see Ryder*; *see Morales*, 24 AD3d at 47; *Mendez v Union Theol. Seminary in City of N.Y.*, 17 AD3d 271 [2005]). Concur—Andrias, J.P., Marlow, Sweeny, McGuire and Malone, JJ.