OPINION OF THE COURT
Lucy Billings, J.
I. Introduction
Plaintiff sues to recover for personal injuries he sustained August 5, 2002 when he fell into an uncovered hole in concrete flooring while engaged in construction of a law school dormitory on premises owned by defendant Trustees of Columbia University, where defendant J.A. Jones Construction Group, LLC was the general contractor. Defendants move for summary judgment dismissing the complaint. (CPLR 3212 [b].) For the reasons explained below, the court grants defendants’ motion to the extent of dismissing plaintiff’s Labor Law § 241 (6) claims insofar as they rely on any regulatory provision other than 12 NYCRR 23-1.7 (b) (1) (i)-(ii), against both defendants, and otherwise denies their motion. (CPLR 3212 [b], [e].) The court concludes that section 23-1.7 (b) (iii) and (e) do not apply to the conditions plaintiff claims caused his injury.
II. Plaintiffs Labor Law § 241 (6) Claim
The duty to comply with the regulations under Labor Law § 241 (6) is nondelegable, subjecting the owner of the premises and the general contractor where plaintiff was injured to liability for a violation even if they exercised no supervision or control over plaintiffs work site and had no notice of work site conditions. (Balbuena v IDR Realty LLC, 6 NY3d 338, 361 n 8 [2006]; Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 878 [1993]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 502-503 [1993].) While a failure to take the safety measures required by this statute, proximately causing injury, does not impose absolute liability absent negligence, the statute imposes liability on defendant owner and defendant general contractor for injuries caused by another party’s negligence regardless of defendants’ own negligence. (Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 349-350 [1998]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 502 n 4.)
Upon defendants’ summary judgment motion, defendants bear the burden to demonstrate the inapplicability of the regulatory provisions plaintiff claims were violated. (Wyckoffv Jujam *802 cyn Theaters, Inc., 11 AD3d 319, 320 [1st Dept 2004]; Herrera v Persaud, 276 AD2d 304, 305 [1st Dept 2000].) Plaintiff relies only on 12 NYCRR 23-1.7 (b) and (e) as the regulations he claims defendants violated.
A. 12 NYCRR 23-1.7 (e)
12 NYCRR 23-1.7 (e) (1) imposes a specific duty to keep “passageways” free from accumulations of debris and “other obstructions or conditions which could cause tripping” and to remove or cover sharp projections. Section 23-1.7 (e) (2) imposes a specific duty to keep “floors . . . and similar areas where persons work or pass” free from accumulations of debris and from “scattered tools and materials and from sharp projections.” These provisions impose sufficiently specific duties on which to base liability for a violation of Labor Law § 241 (6). (Singh v Young Manor, Inc., 23 AD3d 249 [1st Dept 2005]; Murphy v Columbia Univ., 4 AD3d 200, 202 [1st Dept 2004]; Faulkner v Allied Manor Rd. Co., 306 AD2d 224, 225 [1st Dept 2003]; Canning v Barneys N. Y., 289 AD2d 32, 34-35 [1st Dept 2001].)
Plaintiff testified at his deposition that he was walking from an area where he had collected wood for the building frame, through the second floor of the building under construction, when he stepped into an uncovered hole in the floor approximately one foot square. Although the hole opened to the floor below, he did not fall all the way through. He fell through up to his knee, lost his balance, and in an effort to resist falling downward or forward, pulled his body backward onto the floor where he had been walking. No admissible evidence establishes that plaintiffs tasks related to constructing the hole or working in the immediate surrounding area; he merely was walking past it.
Based on the undisputed testimony, the cause of plaintiffs fall fits within the scope of “other obstructions or conditions which could cause tripping” that defendants were required to eliminate from “passageways.” (12 NYCRR 23-1.7 [e] [1].) No evidence, however, reveals that the “open area” of the second floor where plaintiff was injured qualifies as a passageway. (Affirmation of Cesar Zuniga, exhibit F, at 16; see Maza v University Ave. Dev. Corp., 13 AD3d 65, 66 [1st Dept 2004]; Canning v Barneys N. Y., 289 AD2d at 34; Isola v JWP Forest Elec. Corp., 267 AD2d 157, 158 [1st Dept 1999]; Castillo v Starrett City, 4 AD3d 320, 321-322 [2d Dept 2004].)
Although the floor’s open area, where plaintiff was traversing during his work, does fit precisely within the scope of *803 “floors . . . and similar areas where persons work or pass,” to which 12 NYCRR 23-1.7 (e) (2) still applies, defendants were required to eliminate only accumulations of debris, “scattered tools and materials and . . . sharp projections” from these areas. (See Singh v Young Manor, Inc., 23 AD3d 249 [2005]; Canning v Barneys N. Y., 289 AD2d at 34-35; Farina v Plaza Constr. Co., 238 AD2d 158, 159 [1st Dept 1997]; Faulkner v Allied Manor Rd. Co., 306 AD2d at 225.) The record raises no factual issue that debris or scattered tools or materials, to which section 23-1.7 (e) (2) would apply, contributed to plaintiff’s fall. (Isola v JWP Forest Elec. Corp., 267 AD2d at 158; Greenfield v New York Tel. Co., 260 AD2d 303, 304 [1st Dept 1999].)
Conceivably, had plaintiff alleged that a sharp edge or protrusion in the hole contributed to his fall or ensuing injury, such a condition might be considered a sharp projection under section 23-1.7 (e) (2). Again, however, the record discloses no such evidence. Therefore defendants have shown that they are not liable under Labor Law § 241 (6) for a violation of 12 NYCRR 23-1.7 (e). (Mitchell v New York Univ., 12 AD 3d 200, 201 [1st Dept 2004]; Isola v JWP Forest Elec. Corp., 267 AD2d at 158; Dacchille v Metropolitan Life Ins. Co., 262 AD2d 149 [1st Dept 1999]; Greenfield v New York Tel. Co., 260 AD2d at 304; see Maza v University Ave. Dev. Corp., 13 AD3d at 65-66; Castillo v Starred City, 4 AD3d at 321-322.)
B. 12 NYCRR 23-1.7 (b)
The other provision plaintiff relies on requires that “[ejvery hazardous opening into which a person may step or fall shall be guarded by a substantial cover fastened in place or by a safety railing constructed and installed in compliance with this Part (rule).” (12 NYCRR 23-1.7 [b] [1] [i] [emphasis added].) Clause (ii) of this provision sets forth the requirements for safety railings. Clause (iii) further requires that:
“Where employees are required to work close to the edge of such an opening, such employees shall be protected as follows:
“([a]) Two-inch planking, full size, or material of equivalent strength installed not more than one floor or 15 feet, whichever is less, beneath the opening; or
“([b]) An approved life net installed not more than five feet beneath the opening; or
“([c]) An approved safety belt with attached lifeline *804 which is properly secured to a substantial fixed anchorage.”
Although 12 NYCRR 23-1.7 (b) does not define “hazardous opening,” the term undisputedly applies to openings through which a person could fall, because the final clause in paragraph (1), clause (iii), specifies protections “beneath the opening” (§ 23-1.7 [b] [1] [iii] [a], [b]) or to catch persons if they fall through it. (See Bell v Bengomo Realty, Inc., 36 AD3d 479, 480-481 [1st Dept 2007]; Messina v City of New York, 300 AD2d 121, 123 [1st Dept 2002]; Alvia v Teman Elec. Contr., 287 AD2d 421, 423 [2d Dept 2001].) The opening at least must be “of significant depth and size” to qualify as “hazardous.” (Ellis v J.M.G., Inc., 31 AD3d 1220, 1221 [4th Dept 2006]; Wells v British Am. Dev. Corp., 2 AD3d 1141, 1143 [3d Dept 2003].) Thus, an unshored, unbraced excavation six to seven feet deep qualified as hazardous (Bell v Bengomo Realty, 36 AD3d at 480-481) while a roof drainpipe only 7 to 10 inches deep and handholes for wires and ducts only eight inches deep and securely covered when not in use by electricians did not qualify. (Messina v City of New York, 300 AD2d at 122; Piccuillo v Bank of N.Y. Co., 277 AD2d 93, 94 [1st Dept 2000].) In addition, the step or fall must be into an “opening” in the surface where an employee is walking or working, not off the edge (e.g. Smith v McClier Corp., 38 AD3d 322, 323 [1st Dept 2007]), or through the collapse of an elevated surface, where Labor Law § 240 (1) would apply. (See Bell v Bengomo Realty, 36 AD3d at 480; Dzieran v 1800 Boston Rd., LLC, 25 AD3d 336, 337-338 [1st Dept 2006].)
The protections against falling to the level below, however, are only in clause (iii), specifically where “employees are required to work close to the edge” of an opening. (See Bell v Bengomo Realty, 36 AD3d at 480; Luckern v Lyonsdale Energy Ltd. Partnership, 281 AD2d 884, 886-887 [4th Dept 2001].) Clause (i), in contrast, applies regardless whether an employee’s assigned task, here collecting wood, is close to the opening or the employee simply is walking through the area of the opening from one work area to another. Moreover, clause (i) specifies a cover or railing, in contrast to clause (iii)’s requirement for planking or a life net “beneath the opening,” rather than covering or surrounding it, or a lifeline secured to the employee, rather than to the floor where the opening lies. (See Uluturk v City of New York, 298 AD2d 233, 234 [1st Dept 2002]; Piccuillo v Bank of N.Y. Co., 277 AD2d at 94; Keegan v Swissotel N.Y., 262 AD2d 111, 112-113 [1st Dept 1999]; Wells v British Am. *805 Dev. Corp., 2 AD3d at 1143.) If an employee’s assigned task requires the employee “to work close to the edge” of an opening, to run pipes, wires, or plumb lines through it, for example, the protections clause (i) affords, a cover or railing, would prohibit accomplishing the task. (See Bell v Bengomo Realty, 36 AD3d at 480; Luckern v Lyonsdale Energy Ltd. Partnership, 281 AD2d at 885, 887.) Finally, in further contrast, clause (i) applies to all openings into which a person may step or fall, rather than only openings wide enough to fall through to the level below. (Keegan v Swissotel N.Y., 262 AD2d at 112, 114; Ellis v J.M.G., Inc., 31 AD3d at 1220-1221; Bonse v Katrine Apt. Assoc., 28 AD3d 990 [3d Dept 2006].)
12 NYCRR 23-1.7 (b) (1) (i) is sufficiently specific to support a Labor Law § 241 (6) claim. (Uluturk v City of New York, 298 AD2d at 234; O’Connor v Lincoln Metrocenter Partners, 266 AD2d 60, 61 [1st Dept 1999]; Claus v John Hancock Mut. Life Ins. Co., 254 AD2d 102, 103 [1st Dept 1998]; Bonse v Katrine Apt. Assoc., 28 AD3d 990 [2006].) The deposition testimony is undisputed that plaintiff stepped into an opening, the depth of which extended to the floor below and the size of which at least permitted his leg to fall through, before he lost his balance and, fortuitously, managed to pull himself backward onto the floor above to avoid falling further. The testimony also is undisputed that there was no cover over the opening or railing around the opening to guard against persons stepping into it. (See O’Connor v Lincoln Metrocenter Partners, 266 AD2d at 61.) The court need not consider the affidavit of plaintiffs expert to demonstrate any of these facts.
Defendants, who bear the burden in the context of their summary judgment motion, have not established as a matter of law, first, that the hole was too small to permit a person’s entire body to fall through. Even if plaintiffs entire body did not fall through the hole, defendants have not established, by measuring his girth, that the hole was too small to permit his body, at least, to fall through. Defendants rely only on a copy of a medical report showing plaintiffs height as six feet, two inches and weight as 160 pounds (Zuniga affirmation, exhibit I) which is not in admissible form, failing to satisfy the best evidence rule or CPLR 4539, and indicates that plaintiff was slender in any event. (Dhillon v Bryant Assoc., 26 AD3d 155, 157 [1st Dept 2006]; Banco Nacional de Mexico v Ecoban Fin., 276 AD2d 284 [1st Dept 2000]; Glatter v Borten, 233 AD2d 166, 168 [1st Dept 1996]; Anametrics Servs. v Clifford A. Botway, Inc., 159 AD2d *806 247 [1st Dept 1990]; see People v Joseph, 86 NY2d 565, 570 [1995]; Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 644-645 [1994]; Chamberlain v Amato, 259 AD2d 1048, 1049 [4th Dept 1999]; People v Sims, 257 AD2d 582 [2d Dept 1999].)
Most importantly, defendants may not rely exclusively on the size of the opening to establish, as a matter of law, that the hole was not a “hazardous opening” into which a person might “step,” requiring a cover or railing. (12 NYCRR 23-1.7 [b] [1] [i]; e.g. O’Connor v Lincoln Metrocenter Partners, 266 AD2d at 61.) The authority concluding that a hole of similar horizontal dimensions was not “hazardous” relies on all relevant circumstances, including the location, depth, and purpose of the opening. Thus, a roof drainpipe was not hazardous both because it was shallow and because a cover or railing would completely frustrate the drain’s purpose. (Messina v City of New York, 300 AD2d at 122.) Handholes for wires and ducts were not hazardous because they were similarly shallow, and keeping them covered when electricians were using them would frustrate their use. (Piccuillo v Bank of N.Y. Co., 277 AD2d at 94.)
Other authority concludes that 12 NYCRR 23-1.7 (b) (1) (i) does not apply, either because a cover or railing would frustrate the use of the opening, or because the plaintiff employee was “required to work close to the edge” of the opening, triggering section 23-1.7 (b) (1) (iii). (See Bell v Bengomo Realty, 36 AD3d at 480.) Authority focusing on clause (iii) concludes that it does not apply, either because the work was not “close to the edge” of the opening, or because the absence of clause (iii)’s protections did not contribute to the employee’s injury. (See Dzieran v 1800 Boston Rd., LLC, 25 AD3d at 338; Messina v City of New York, 300 AD2d at 123-124; Alvia v Teman Elec. Contr., Inc., 287 AD2d at 423.)
Here, instead, the evidence is undisputed that plaintiff stepped into and fell part way into an unguarded opening in the second floor of the building being constructed and suffered injuries that a cover over the opening or railing around the opening would have prevented, demonstrating a violation of 12 NYCRR 23-1.7 (b) (1) (i). Plaintiffs work, moreover, placed him squarely “within the class of persons expected to require access to that floor and thus, would be exposed to the hazards of an unsecured hole.” (Keegan v Swissotel N.Y., 262 AD2d at 114.)
To defend against this evidence, defendants must demonstrate that the opening nonetheless was not hazardous, a burden *807 they have not met based on the current record. At trial, of course, plaintiff will bear the burden to prove that the opening was hazardous given all relevant circumstances, including its location, size, depth, and purpose. (See Rice v Board of Educ. of City of N.Y., 302 AD2d 578, 579 [2d Dept 2003].)
Although this record does not demonstrate that plaintiffs assigned task required plaintiff “to work close to the edge” of the opening, neither have defendants shown to the contrary. (12 NYCRR 23-1.7 [b] [1] [iii].) Nonetheless, the record does establish that the protections 12 NYCRR 23-1.7 (b) (1) (iii) affords, planking one floor or 15 feet beneath the opening, a life net five feet beneath, or a lifeline of unspecified length, would not have prevented or lessened plaintiffs injury. Clause (iii)’s applicability to openings through which a person’s entire body may fall, however, does not negate the separate clause (i)’s express applicability to “fejvery hazardous opening into which a person may step.” (12 NYCRR 23-1.7 [b] [1] [i] [emphasis added]; e.g. Wells v British Am. Dev. Corp., 2 AD3d at 1143-1144; Luckern v Lyonsdale Energy Ltd. Partnership, 281 AD2d at 886.) Therefore defendants have shown that they are not liable under Labor Law § 241 (6) for a violation of 12 NYCRR 23-1.7 (b) (1) (iii), but have failed to show nonliability for a violation of 12 NYCRR 23-1.7 (b) (1) (i)-(ii). (Keegan v Swissotel N.Y., 262 AD2d at 112, 114; Ellis v J.M.G., Inc., 31 AD3d at 1220-1221; Bonse v Katrine Apt. Assoc., 28 AD3d 990 [2006].)
III. Conclusion
For the reasons discussed above, the court grants defendants’ motion for summary judgment to the extent of dismissing plaintiffs Labor Law § 241 (6) claims insofar as they rely on any regulatory provision other than 12 NYCRR 23-1.7 (b) (1) (i)-(ii), as to both defendants. The court otherwise denies defendants’ motion. (CPLR 3212 [b], [e].)