■ DESMOND PHILLIP, Appellant, v 525 EAST 80TH STREET CONDOMINIUM, Respondent. [940 NYS2d 631]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered February 28, 2011, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment on the issue of liability under Labor Law § 240 (1), unanimously modified, on the law, to the extent of denying summary judgment dismissing the Labor Law § 240 (1) claim and granting plaintiff's cross motion, and otherwise affirmed, with costs.

Plaintiff, an employee of nonparty Rockledge Scaffolding, was working at defendant's building constructing a sidewalk bridge

when he fell from atop a load of scaffolding material on a flatbed truck. Plaintiff was engaged in unloading materials at the time that he fell. The court improperly dismissed plaintiff's Labor Law § 240 (1) claim because plaintiff's injury was caused by his falling from a height while performing an activity covered by the statute. Plaintiff was standing on top of the scaffolding material, about nine feet above the platform, handing the material to his coworkers who were on top of the sidewalk bridge. It is uncontroverted that although plaintiff was provided with a safety harness, there was no location on the truck where the harness could be secured (*see Naughton v City of New York*, 2012 NY Slip Op 01378, *2 [2012]; *Ford v HRH Constr. Corp.*, 41 AD3d 639 [2007]; *Curley v Gateway Communications*, 250 AD2d 888 [1998]; *cf. Toefer v Long Is. R.R.*, 4 NY3d 399, 406-409 [2005]). Because the evidence shows that such manner of work was the only way to unload the materials, and that a safety device enumerated in Labor Law § 240 (1) could have prevented the fall, plaintiff is entitled to summary judgment on this claim (*cf. Ortiz v Varsity Holdings, LLC*, 18 NY3d 335 [2011]).

Contrary to defendant's contention, plaintiff's inability to recall how he fell is irrelevant, since the evidence establishes that plaintiff fell off the truck and it is undisputed that no safety devices were provided (*see Heer v North Moore St. Devs., L.L.C.*, 61 AD3d 617 [2009]; *cf. Berg v Albany Ladder Co., Inc.*, 10 NY3d 902 [2008]).

The court properly dismissed plaintiff's Labor Law § 241 (6) claim. Plaintiff contends that defendant violated Industrial Code (12 NYCRR) § 23-1.16 by failing to provide him with a safety belt, harness, tail line, or lifeline. However, that section sets forth only the standards for the use of such devices (*see* 12 NYCRR 23-1.16) and is inapplicable where, as here, defendant did not provide plaintiff with any such devices (*see Dzieran v 1800 Boston Rd., LLC*, 25 AD3d 336, 337-338 [2006]; *D'Acunti v New York City School Constr. Auth.*, 300 AD2d 107, 108 [2002]). Industrial Code § 23-8.1, which sets forth standards for "Mobile Cranes, Tower Cranes and Derricks" (12 NYCRR 23-8.1) and section 23-8.2 (c) (3), which governs how mobile cranes are to lift or hoist loads (12 NYCRR 23-8.2 [c] [3]) are similarly inapplicable, as no hoist or cranes were used on the job (*see Toefer*, 4 NY3d at 410).

Plaintiff's Labor Law § 200 and common-law negligence claims were properly dismissed. There is no evidence that defendant supervised or controlled plaintiff's work activities, or that defendant had notice of the hazardous condition before the accident. Defendant's general oversight of the timing and qual-

ity of the work does not rise to the level of supervision or control (*see Gonzalez v United Parcel Serv.*, 249 AD2d 210, 210-211 [1998]). We also find that the accident was not caused by a hazardous condition, but rather, by the manner in which the unloading of the materials was undertaken (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]).

We have reviewed the parties' remaining contentions and find them unavailing. Concur—Saxe, J.P., Sweeny, Catterson, Renwick and Manzanet-Daniels, JJ.