■ OLIVER FRASER, Respondent, v PACE PLUMBING CORP., Appellant, and 75 WALL ASSOCIATES, LLC, et al., Respondents, et al., Defendants. 75 WALL ASSOCIATES, LLC, et al., Third-Party Plaintiffs, v FMC CONSTRUCTION, LLC, Third-Party Defendant-Respondent. [941 NYS2d 114]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered June 30, 2011, which denied the motion of defendant Pace Plumbing Corp. (Pace) for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.

The motion court properly denied Pace's motion for summary judgment in this action where plaintiff was injured when the scaffold on which he was standing slipped into an open, uncovered hole in the concrete floor, and tipped over. The record shows that the contract between Pace and the construction manager of the renovation project required Pace to cut, fit, patch and protect its work. Although the specifications portion of the contract provides that the openings left in the floor shall be covered and protected "by others," this does not avail Pace since the agreement provides, in the event of a conflict, that the agreement takes priority over the specifications (*see e.g. Podhaskie v Seventh Chelsea Assoc.,* 3 AD3d 361, 363 [2004]). Accordingly, in light of Pace's obligations under the contract, triable issues of fact remain as to whether it is a statutory agent of the construction manager (*see Nascimento v Bridgehampton Constr. Corp.,* 86 AD3d 189, 193 [2011]), and thus, may be held liable under Labor Law §§ 240 (1), 241 (6) and 200 (*see O'Connor v Lincoln Metrocenter Partners,* 266 AD2d 60 [1999]).

Moreover, Pace is not entitled to summary judgment on the common-law negligence or Labor Law § 200 claims, since the record presents triable issue as to whether Pace was negligent. These issues include whether Pace created the hole into which

the scaffold slipped; whether Pace's workers removed the plywood coverings from the holes, in light of the evidence that the coverings were piled in the same manner that Pace's witness described; and whether Pace's witness was credible when he described how the site supervisor was notified after the holes were drilled, considering that another subcontractor drilled the holes (*see Andrade v Triborough Bridge & Tunnel Auth.*, 35 AD3d 256, 257 [2006]). Concur—Tom, J.P., DeGrasse, Freedman, Richter and Román, JJ.