Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered October 3, 2011, which denied the motion of defendants Atlantic Hoisting & Scaffolding, LLC and High Rise Hoisting and Scaffolding, Inc. (collectively Atlantic) for summary judgment dismissing the complaint and all cross claims and third-party claims as against them, and granted plaintiffs cross motion for partial summary judgment on the issue of Atlantic’s liability on the Labor Law § 240 (1) cause of action, unanimously modified, on the law, to grant Atlantic’s motion to the extent of dismissing the Labor Law § 241 (6) claim, and otherwise affirmed, without costs.
Plaintiff was a passenger in a temporary personnel lift installed by Atlantic at a construction site when the lift became stuck as it was taking plaintiff to his work location. Plaintiff and the other passengers were directed to exit the hoist through an exit in the top. As he emerged onto the top of the hoist, plaintiff was struck by a piece of guide rail that was part of a hoisting mechanism. The guide rail had broken off and fell over 200 feet to where it struck plaintiff.
Partial summary judgment in favor of plaintiff on his Labor Law § 240 (1) claim was proper. The enumerated safety device, the hoist, failed and was a proximate cause of plaintiffs injury (see e.g. Miraglia v H & L Holding Corp., 36 AD3d 456, 457 [1st Dept 2007], lv denied 10 NY3d 703 [2008]; Ben Gui Zhu v Great Riv. Holding, LLC, 16 AD3d 185 [1st Dept 2005]). In addition, the guide rail was an object that required securing for the purposes of operating the hoist (see e.g. Outar v City of New *477 York, 5 NY3d 731 [2005]; Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268 [2001]).
The denial of Atlantic’s motion to the extent it sought dismissal of the Labor Law § 200 and common-law negligence claims was also proper. The contract between Atlantic and the general contractor, required Atlantic to install the hoist using “new and of first quality” parts. Atlantic admitted that it used recycled parts, and thus, triable issues exist as to whether Atlantic’s breach of the contract created the condition that caused the accident. It is settled that “a party who enters into a contract to render services may be said to have assumed a duty of care [and potential tort liability to third parties] . . . where the contracting party, in failing to exercise reasonable care in the performance of [its contractual] duties, launche[s] a force or instrument of harm” (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002] [internal quotation marks and citation omitted]). There are also triable issues concerning whether, as the contractor with sole authority over the hoist, Atlantic had sufficient oversight authority for the hoist to impose section 200 liability (see e.g. O’Connor v Lincoln Metrocenter Partners, 266 AD2d 60, 61 [1st Dept 1999]; see also Fraser v Pace Plumbing Corp., 93 AD3d 616 [1st Dept 2012]).
The cause of action under Labor Law § 241 (6) is dismissed because the applicable Industrial Code section upon which plaintiff relies, 12 NYCRR 23-7.1, is not sufficiently specific to support the claim (see generally Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 502 [1993]; see also Kanarvogel v Tops Appliance City, 271 AD2d 409, 411 [2d Dept 2000], lv dismissed 95 NY2d 902 [2000]). The other Industrial Code sections cited by plaintiff, 12 NYCRR 23-2.5 and 23-7.2, do not apply to the facts set forth in the record before us.
We have considered Atlantic’s remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Acosta, DeGrasse and Richter, JJ.