■ MARK A. SOLANO et al., Respondents, v SKANSKA USA CIVIL NORTHEAST INC. et al., Defendants, and DURR MECHANICAL CONSTRUCTION, INC., Also Known as DMC and Others, et al., Appellants. (And a Third-Party Action.) [50 NYS3d 360]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered February 24, 2016, which denied the motion of defendants Durr Mechanical Construction, Inc. and Durr Mechanical Contracting, Inc. (collectively Durr) for summary judgment dismissing the complaint and all cross claims as against them, unanimously modified, on the law, to the extent of dismissing the Labor Law § 241 (6) claim as against Durr, and otherwise affirmed, without costs.

Plaintiff Mark Solano was injured when, while working on the roof of a water treatment plant, he tripped and fell on two metal pipes protruding from the surface of the roof as he was stepping back to close the lid of a gang box.

Because discovery has not been completed, and depositions have yet to be taken, Durr's motion, to the extent it sought dismissal of the common-law negligence and Labor Law § 200 claims, was properly denied as premature (CPLR 3212 [f]). Durr may be held liable as a statutory agent if it had been delegated authority to supervise and control the work that brought about plaintiff's injury (*see Barreto v Metropolitan Transp. Auth.*, 25 NY3d 426, 434 [2015]; *Fraser v Pace Plumbing Corp.*, 93 AD3d 616 [1st Dept 2012]). Plaintiff has demon-

strated that further discovery may lead to evidence showing that Durr had supervisory authority over work involving the pipes and the area where plaintiff fell (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 506 [1993]; *Barrios v Boston Props. LLC*, 55 AD3d 339 [1st Dept 2008]).

Nevertheless, the Labor Law § 241 (6) claim should have been dismissed, since the Industrial Code section cited by plaintiff as a predicate for this claim is inapplicable. While plaintiff argues that 12 NYCRR 23-1.7 (e) (1) applies, his own submissions, including a photograph of the area where he fell, establish that the accident occurred in an open area, as opposed to a "passageway" (*DePaul v NY Brush LLC*, 120 AD3d 1046, 1047 [1st Dept 2014]). Concur—Richter, J.P., Mazzarelli, Kahn and Gesmer, JJ.