Cross v Noble Ellenburg Windpark, LLC (2018 NY Slip Op 00092)





Cross v Noble Ellenburg Windpark, LLC


2018 NY Slip Op 00092


Decided on January 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2018

Friedman, J.P., Renwick, Tom, Kahn, Kern, JJ.


5265 114988/07

[*1]Eugene Cross, Plaintiff-Respondent-Appellant,
v
Noble Ellenburg Windpark, LLC, et al., Defendants-Appellants-Respondents, Thomas Bellemare, Ltd., Defendant.


Cartafalsa, Slattery, Turpin & Lenoff, New York (Raymond F. Slattery of counsel), for appellants-respondents.
Sacks & Sacks LLP, New York (Scott N. Singer of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Debra A. James, J.), entered May 17, 2017, which, to the extent appealed from as limited by the briefs, granted the Noble defendants' motion for summary judgment the extent of dismissing plaintiff's Labor Law § 241(6) claim, denied the Noble defendants' motion to the extent they sought summary judgment dismissing plaintiff's Labor Law § 240(1) claim, and sua sponte granted plaintiff summary judgment on his Labor Law § 240(1) claim, unanimously modified, on the law, to deny plaintiff summary judgment on his Labor Law § 240(1) claim, and otherwise affirmed, without costs.
The motion court correctly dismissed plaintiff's Labor Law § 241(6) claim. Plaintiff fell due to a chain catching his foot, and not due to a slippery condition or foreign substance, and thus Industrial Code (12 NYCRR) § 23-1.7(d) was not implicated (see Militello v 45 W. 36th St. Realty Corp., 15 AD3d 158, 159 [1st Dept 2005]; Croussett v Chen, 102 AD3d 448 [1st Dept 2013]). Plaintiff fell from a tractor trailer, and not in a passageway, rendering Industrial Code § 23-1.7(e)(1) inapplicable (see Solano v Skanska USA Civ. Northeast Inc., 148 AD3d 619, 620 [1st Dept 2017]; Dalanna v City of New York, 308 AD2d 400, 401 [1st Dept 2003]). The metal bars welded to the trailer's body for use as a ladder or stairway to the trailer's top were not a "[s]ingle ladder[]" subject to Industrial Code § 23-1.21(c).
The motion court should not have sua sponte granted plaintiff summary judgment on his Labor Law § 240(1) claim. Plaintiff, who was attaching lifting lugs to a wind turbine base tower so it could be hoisted off its trailer and onto a concrete foundation, was engaged in an enumerated activity under that provision (see Naughton v City of New York, 94 AD3d 1 [1st Dept 2012]; Myiow v City of New York, 143 AD3d 433, 436 [1st Dept 2016]; Phillip v 525 E. 80th St. Condominium, 93 AD3d 578 [1st Dept 2012]). Nevertheless, questions of fact exist as to whether
plaintiff was the sole proximate cause of his accident (see Cherry v Time Warner, Inc., 66 AD3d 233 [1st Dept 2009]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2018
CLERK