Douglas v Sherwood 48 Assoc. (2018 NY Slip Op 04426)





Douglas v Sherwood 48 Assoc.


2018 NY Slip Op 04426


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Mazzarelli, Moulton, JJ.


6869 302851/08 84047/08

[*1]Norma Douglas, Plaintiff-Respondent,
v
Sherwood 48 Associates, etc., et al., Defendants-Appellants. 
[And a Third-Party Action]


Perry, Van Etten, Rozanski & Primavera, LLP, New York (Elizabeth Gelfand Kastner of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about July 25, 2017, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims and the Labor Law § 241(6) claim predicated upon Industrial Code (12 NYCRR) § 23-5.18(h), unanimously affirmed, without costs.
Plaintiff was injured while pulling a mobile scaffold with both hands, when she stepped backward and her left heel fell into one of the estimated 12-inch deep trenches in the concrete flooring, and a wheel of the scaffold dropped onto her foot.
Summary dismissal of the Labor Law § 200 and common-law negligence claims is precluded by testimony and photographic evidence that raises triable issues of fact as to whether defendants were obligated to maintain the safety of the premises (see Fraser v Pace Plumbing Corp., 93 AD3d 616 [1st Dept 2012]), were negligent in doing so, and had actual or constructive knowledge of the uncovered trenches in the concrete flooring where several trades were working at the time of plaintiff's accident (see Ventura v Ozone Park Holding Corp., 84 AD3d 516 [1st Dept 2011]).
Dismissal of the Labor Law § 241(6) claim is precluded by factual issues as to whether the injury to plaintiff's left leg was proximately caused by defendants' violation of 12 NYCRR 23-5.18(h), which provides, inter alia, that "[manually-propelled] [s]caffolds shall be moved only on level floors or equivalent surfaces free from obstructions and openings."
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK