■ ARLINDO ANDRADE, Plaintiff, v TRIBOROUGH BRIDGE & TUNNEL AUTHORITY, Doing Business as MTA BRIDGES & TUNNELS, et al., Appellants, and WARDE ELECTRIC CONTRACTING, INC., Respondent-Appellant, et al., Defendant. (And a Third-

Party Action.) TRIBOROUGH BRIDGE & TUNNEL AUTHORITY, Doing Business as MTA BRIDGES & TUNNELS, et al., Third-Party Plaintiffs-Respondents, v TRANSCONTINENTAL INSURANCE COMPANY et al., Third-Party Defendants-Appellants, and WESTPORT INSURANCE CORPORATION, Third-Party Defendant-Respondent, et al., Third-Party Defendants. [827 NYS2d 30]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about April 14, 2005, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Warde Electric Contracting for summary judgment dismissing plaintiff's common-law negligence and Labor Law §§ 200 and 241 (6) claims against it, but denied so much of that motion seeking summary dismissal of the cross claims for indemnification against it by defendants Triborough Bridge & Tunnel Authority (TBTA) and Perini, and dismissed TBTA's additional party complaint as against third-party defendant Westport Insurance, unanimously modified, on the law, Warde's motion for summary judgment denied with respect to plaintiff's claims for common-law negligence and under Labor Law § 200, those claims reinstated, and otherwise affirmed, without costs.

It is undisputed that plaintiff's injury was caused by his trip and fall into a construction site hole that was negligently left uncovered. The claim under Labor Law § 241 (6) was properly dismissed as against Warde because there was no evidence that it was a statutory agent, owner or general contractor at the site. Similarly, there is no basis for the summary relief defendants TBTA and Perini now seek on their third-party claims against Warde's insurers, Transcontinental Insurance and Transportation Insurance. However, we find, upon reviewing the record, that Warde did not sufficiently establish that it could not have been the negligent party, in light of other testimony that Warde was seen working in or near the hole on the day in question, thus leaving an issue of fact on the claims for common-law negligence and under section 200.

The third-party complaint as against defendant Westport Insurance was properly dismissed for lack of privity. Although Westport did not move for that specific relief, the privity issue was briefed by its fellow third-party defendants on their mo-

tions to dismiss (*cf. Dunham v Hilco Constr. Co.*, 89 NY2d 425 [1996]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Andrias, J.P., Friedman, Sullivan, Nardelli and Malone, JJ.