■ LISA WHITE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [836 NYS2d 82]—

Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered November 10, 2005, upon a jury verdict in defendant's favor, unanimously affirmed, without costs.

Plaintiff sustained personal injuries when she slipped and fell while descending a concrete stairway in a subway station, and plaintiff commenced this action against the New York City Transit Authority (NYCTA) claiming that it failed to maintain the stairway in a reasonably safe condition. The jury determined NYCTA was not negligent, and plaintiff appeals from the resulting judgment dismissing her complaint, arguing, among other things, that the verdict was against the weight of the evidence.

A defendant's verdict in a tort action should not be set aside as against the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [2004]; *Jamal v New York City Health & Hosps. Corp.*, 280 AD2d 421, 422 [2001]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). In reviewing the record to ascertain whether the verdict rests on a

fair interpretation of the evidence, great deference must be given to the fact-finding function of the jury (*Nicastro*, 113 AD2d 129, 136 [1985]).

Here, a fair interpretation of the evidence supports the jury's verdict. While certain aspects of plaintiff's evidence, namely the testimony of her niece and photographs of the stairway, indicate that NYCTA had constructive notice of a dangerous, irregular-shaped chip at the edge of one of the steps, other evidence, namely the report and testimony of the NYCTA employee who cleaned the stairway on the date of the accident, indicates that the chip was not dangerous and that NYCTA did not have notice of the condition. The report, which was prepared shortly after plaintiff's fall, stated that the step in question had "broken off a little more than it was this morning when [the employee] cleaned it." The employee's testimony was that the steps frequently chipped but that, approximately two hours and 20 minutes before the accident, when he swept the stairway, the step "was chipped but . . . was fine." The employee also testified that he would report a broken step to his superiors but not a step that was merely chipped, and he did not report a broken step after sweeping the stairway shortly before the accident. Thus, the jury was presented "with sharply conflicting evidence" (*Nicastro v Park*, 113 AD2d at 134) on the question of negligence and, upon its evaluation of the credibility and potential bias of the witnesses, resolved that question in NYCTA's favor. Given "the absence of indications that substantial justice has not been done, [the] successful litigant is entitled to the benefits of [the] favorable verdict" (*McDermott v Coffee Beanery, Ltd.*, 9 AD3d at 206, quoting *Nicastro v Park*, 113 AD2d at 133).

We have considered plaintiff's other arguments, including that a mistrial should have been declared due to defense counsel's remarks, and find them unavailing. Concur—Saxe, J.P., Marlow, Buckley, Catterson and McGuire, JJ.