■ DANNY TAYLOR, Appellant, v LEHR CONSTRUCTION CORP., Defendant, and WOOD-PRO II INSTALLERS INC. et al., Respondents. (And a Third-Party Action.) [869 NYS2d 33]—

Plaintiff was injured when, while working at a construction site, he was struck in the back by an uninstalled door frame that had been left in an open doorway. Plaintiff commenced this

action against, inter alia, Wood-Pro, the company hired to install the door frames at the site, and Summerville, the manufacturer of the door frame.

The verdict in favor of Wood-Pro was based upon a fair interpretation of the evidence (*see e.g. McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [2004]). Wood-Pro's principal testified that neither he nor Wood-Pro workers placed the subject door frame in the open doorway, and that it was Wood-Pro's practice to lean the wooden door frames against a solid wall rather than against a doorway. Issues of credibility are for the jury and its resolution of such issues is entitled to deference (*see White v New York City Tr. Auth.*, 40 AD3d 297 [2007]). It was error for the court to charge the jury on comparative fault as there was no evidence of any act on plaintiff's part showing negligence. However, the error was harmless in light of the verdict finding no negligence on the part of Wood-Pro (*see Silverstein v Marine Midland Trust Co. of N.Y.*, 35 AD3d 840 [2006]).

The court properly granted Summerville's motion to dismiss the action as against it at the close of plaintiff's case. There was no evidence that Summerville was negligent or violated a statutory or contractual duty to plaintiff (*see Vargas v New York City Tr. Auth.*, 54 AD3d 579 [2008]).

The record further establishes that contrary to plaintiff's contentions, he had no viable claims under Labor Law § 241 (6) against either Wood-Pro or Summerville. Neither had the authority to supervise or control plaintiff's work, and they were not owners or general contractors at the construction site (*see e.g. Andrade v Triborough Bridge & Tunnel Auth.*, 35 AD3d 256, 257 [2006]).

We have considered plaintiff's remaining arguments, including that the court improperly denied his request to reopen his case to establish liability on Summerville's part, and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Catterson, Renwick and Freedman, JJ.