■ CANNONBALL FUND, LTD., et al., Appellants, v MARCUM & KLIEGMAN, LLP, Respondent, et al., Nominal Defendants. [973 NYS2d 20]—

Appeal from order, Supreme Court, New York County (Bernard J. Fried, J.), entered April 6, 2012, which, in this action alleging auditor malpractice, granted defendant's motion to dismiss the complaint, deemed an appeal from judgment, same court and Justice, entered May 15, 2012, dismissing the complaint (CPLR 5501 [c]), and so considered, said judgment unanimously affirmed, with costs.

The court cited and applied the correct standard of review in adjudicating plaintiffs' motion (*see e.g. Maas v Cornell Univ.*, 94 NY2d 87, 91 [1999]). It cited extensively to the allegations in the complaint, taking them to be true.

Contrary to plaintiffs' contention, dismissal for failure to allege proximate cause is appropriate on a motion to dismiss for failure to state a cause of action, if the allegations warrant such a determination (*see e.g. O'Callaghan v Brunelle*, 84 AD3d 581, 582 [1st Dept 2011], *lv denied* 18 NY3d 804 [2012]; *Turk v Angel*, 293 AD2d 284 [1st Dept 2002], *lv denied* 100 NY2d 510 [2003]; *Fenster v Smith*, 39 AD3d 231 [1st Dept 2007]).

Accepting the facts alleged in the complaint as true and af-

fording plaintiffs the benefit of every possible favorable inference (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the court correctly concluded that plaintiffs failed to demonstrate that they would not have suffered damages but for defendant's negligence in preparing its audit opinions in connection with the two funds at issue. Plaintiffs allege that a proper audit by defendant or a statement that it was unable to certify the funds' financial statements would have alerted them to the funds' problems and allowed them to decide whether to remain invested or withdraw their investments by submitting requests for redemptions, replace the management of those funds, or take other action to prevent further losses. However, plaintiffs admit in the complaint that their redemptions were frozen as of February 27, 2008, before defendant's audit opinion was issued on June 16, 2008, and that all their requests for redemptions have been denied. Thus, by the time defendant issued the audit opinion, plaintiffs could not have withdrawn their investments.

The court also correctly rejected as speculative plaintiffs' argument that any new management could have avoided losses suffered after June 2008, since plaintiffs fail to allege with any particularity the way new management could have prevented any further loss in value by that time (*see Pearlman v Friedman Alpren & Green*, 300 AD2d 203, 203-204 [1st Dept 2002]). Concur—Friedman, J.P., Moskowitz, Richter, Manzanet-Daniels and Gische, JJ.