Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered January 20, 2012, upon a jury verdict, awarding plaintiff the total sum of $204,104.52, unanimously affirmed, without costs.
Viewing the evidence in the light most favorable to plaintiff (see Bello v New York City Tr. Auth., 50 AD3d 511 [1st Dept 2008]) and giving great deference to the jury’s fact-finding function (see generally White v New York City Tr. Auth., 40 AD3d 297 [1st Dept 2007]), we conclude that the jury’s findings are supported by a fair interpretation of the evidence (see Cohen v Hallmark Cards, 45 NY2d 493 [1978]; Nicastro v Park, 113 AD2d 129, 132-133 [2d Dept 1985]). Evidence in the form of deposition testimony and trial testimony from defendant’s material witnesses, viewed together with plaintiffs trial testimony, provided circumstantial evidence from which the jury could reasonably infer that a claimed sticky soda spill on defendant’s internal stairs had existed for a sufficient length of time to allow defendant’s on-site cleaning workers to have discovered the hazardous substance and to have remedied the condition prior to plaintiffs accident (see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]).
Defendant failed to preserve its argument on appeal that the verdict was irreconcilably inconsistent because plaintiff was found to be comparatively negligent, but that such negligence was not a substantial cause of her accident (see e.g. Askin v City of New York, 56 AD3d 394, 396 [1st Dept 2008], lv dismissed 12 NY3d 769 [2009]). Were we to reach the issue, we would find *521 that there is a reasonable view of the evidence that, inter alia, plaintiff could be found to be negligent for observing the condition of the allegedly sticky step as she stepped down onto it, but that such negligence was not so inextricably interwoven with the proximate cause of her fall as would warrant a retrial on the issue of plaintiffs comparative negligence (see id. at 396; cf. Fisk v City of New York, 74 AD3d 658 [1st Dept 2010]). Concur— Tom, J.E, Andrias, Saxe, DeGrasse and Richter, JJ.