■ KBL, LLP, Respondent, v Community Counseling & Mediation Services, Appellant. [999 NYS2d 18]—

Order, Supreme Court, New York County (Carol E. Huff, J.), entered October 22, 2013, which, following a jury trial, denied defendant's posttrial motion to set aside the jury's verdict as to proximate cause, unanimously affirmed, without costs.

Defendant is a not-for-profit organization that provides services funded in large part through government agencies. In 2005 and 2006, defendant applied for and obtained funding from the Administration for Children's Services (ACS).

For 2007, defendant sought approximately $2.7 million in funding from ACS and hired plaintiff to perform an audit and prepare the audited financial statements for its fiscal year ending June 30, 2006, which were required for the application. In May 2007, plaintiff prepared the statements, which indicated twelve deficiencies in defendant's financial reporting and practices. Defendant forwarded the statements to ACS, which denied the application five days later.

Plaintiff commenced this action to collect $52,000 in accounting fees which defendant refused to pay. Defendant asserted a counterclaim for malpractice.

A party alleging a claim of accountant malpractice must show that there was a departure from the accepted standards of practice and that the departure was a proximate cause of the injury (*see Herbert H. Post & Co. v Sidney Bitterman, Inc.*, 219 AD2d 214, 223 [1st Dept 1996]). Thus, "a plaintiff must establish, beyond the point of speculation and conjecture, a causal connection between its losses and the [accountant's] actions" (*id.* at 224).

The jury found that plaintiff departed from good and accepted accounting standards and practice in the preparation of the audit report. However, it found that plaintiff's malpractice was not a substantial factor in causing defendant money damages.

Defendant moved pursuant to CPLR 4404 (a) to set aside the verdict and for a new trial solely on the issue of its damages

from the malpractice. Defendant argued that, even on the view of the evidence most favorable to plaintiff, the jury's failure to find that the malpractice was a substantial factor in the loss of the ACS funding was not based on any plausible interpretation of the evidence. Supreme Court denied the motion.

"The question of whether a verdict is against the weight of the evidence is discretion-laden, and the critical inquiry is whether the verdict rested on a fair interpretation of the evidence" (*Gartech Elec. Contr. Corp. v Coastal Elec. Constr. Corp.*, 66 AD3d 463, 480 [1st Dept 2009], *appeal dismissed* 14 NY3d 748 [2010]). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (*Exarhouleas v Green 317 Madison, LLC*, 46 AD3d 854, 855 [2d Dept 2007]). In determining the motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Thus, if "it can be said that the evidence is such that it would not be utterly irrational for a jury to reach the result it has determined upon, and thus a valid question of fact does exist, the court may not conclude that the verdict is as a matter of law not supported by the evidence" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

"A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Garrett v Manaser*, 8 AD3d 616, 617 [2d Dept 2004]). Moreover, "[a] contention that a verdict is inconsistent and irreconcilable must be reviewed in the context of the court's charge, and where it can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*Rivera v MTA Long Is. Bus*, 45 AD3d 557, 558 [2d Dept 2007]).

The court charged the jury:

"An act or omission is regarded as a cause of an injury if it is a substantial factor in bringing about the injury, that is, if it had such an affect in producing the injury that reasonable people would regard it as a cause of the injury.

"[I]f you find that the accountant was negligent that negligence must be the cause of the damages that [defendant] claims, and [defendant] must establish beyond the point of

speculation and conjecture that there was a causal connection between its losses and [plaintiff's] actions."

Viewed in this light, it can not be said the jury verdict was either contrary to the weight of the evidence or inconsistent. The sole question with regard to causation was why ACS declined to fund defendant for 2007. However, among other things, neither side called anyone from ACS to provide evidence of the reason for ACS' s decision and testimony from defendant's CEO downplayed the significance that ACS placed on the audit findings, with the CEO stating: "So there were 12 [audit] findings. They were very insignificant, petty and in a way outrageous that even the refunders, even the funders saw it that way. They could have really beaten us up on those 12. They didn't."

Thus, it was not utterly irrational for the jury to find that defendant did not establish "beyond the point of speculation and conjecture that there was a causal connection between its losses and [plaintiff's] actions." The jury could find that defendant failed to establish that but for plaintiff's negligence, ACS would have provided the funding (*see Cannonball Fund, Ltd. v Marcum & Kliegman, LLP*, 110 AD3d 417 [1st Dept 2013]). Concur—Mazzarelli, J.P., Renwick, Andrias, Saxe and Kapnick, JJ.