Whalen, J.
(dissenting). I respectfully dissent in part in appeal No. 1. Contrary to the view of the majority, in my view defendants Dukes Property Development, LLC (Dukes) and U.S. Ceiling Corp. (U.S. Ceiling) are subject to Labor Law § 200 liability. With respect to construction work, Labor Law §§ 240 (1) and 241 (6) explicitly impose duties regarding worker safety upon “[a] 11 contractors and owners and their agents.” The duties imposed by Labor Law § 200, by contrast, are directed not to specific persons or entities but rather to the workplace itself, i.e., “[a] 11 places to which [the Labor Law] applies.” I agree with the majority that Dukes and U.S. Ceiling, as subcontractors, are not liable to plaintiff under Labor Law § 200 by virtue of their control of the injury-producing work (see Foots v Consolidated Bldg. Contrs., Inc., 119 AD3d 1324, 1326-1327 [2014]). Here, however, “plaintiff’s theory of liability is based *1436 on the allegedly defective condition of the premises rather than on the manner in which the work was performed,” and Dukes and U.S. Ceiling are subject to Labor Law § 200 liability under that theory (Verel v Ferguson Elec. Constr. Co., Inc, 41 AD3d 1154, 1156 [2007]). Because neither subcontractor met its burden of establishing that it did not create the dangerous condition at the worksite in violation of Labor Law § 200, I would affirm that part of the order denying the motion of Dukes and the cross motion of U.S. Ceiling insofar as they sought summary judgment dismissing the Labor Law § 200 claim against them (see Andrade v Triborough Bridge & Tunnel Auth., 35 AD3d 256, 257 [2006]). Present — Scudder, P.J., Centra, Peradotto, Lindley and Whalen, JJ.