■ PAMELA BLECHMAN, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [21 NYS3d 233]—

Judgment, Supreme Court, New York County (Ellen M. Coin, J.), entered April 11, 2014, upon a jury verdict, awarding plaintiff the aggregate amount of $356,458.01, unanimously affirmed, without costs.

Defendant's argument that the jury's finding that plaintiff was negligent but that her negligence was not a proximate cause of her injury was inconsistent was not raised before the jury was discharged, and therefore is unpreserved (*see Barry v Manglass*, 55 NY2d 803, 806 [1981]). In any event, the issues were not so inextricably interwoven as to make it logically impossible to find negligence but not proximate cause (*see*

*Bracker v New York City Tr. Auth.*, 112 AD3d 520 [1st Dept 2013]).

Nor was the verdict against the weight of the evidence in light of the testimony of plaintiff, another passenger, and plaintiff's expert, that the gap between the train and the platform was a foot wide due to the train operator missing the 10-car marker (*see Mazariegos v New York City Tr. Auth.*, 230 AD2d 608 [1st Dept 1996]).

Under the circumstances, the amount awarded plaintiff does not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]). As a result of the accident, plaintiff sustained a broken ankle, and underwent two surgeries, an open reduction with internal fixation to repair the comminuted ankle fracture, and later, the removal of the hardware (*see e.g. Hopkins v New York City Tr. Auth.*, 82 AD3d 446 [1st Dept 2011]; *Rydell v Pan Am. Equities*, 262 AD2d 213 [1st Dept 1999]; *Fishbane v Chelsea Hall, LLC*, 65 AD3d 1079 [2d Dept 2009]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Richter, Manzanet-Daniels and Kapnick, JJ.