■ GULCIN BRUNSON, Appellant, v SAINT VINCENT'S CATHOLIC MEDICAL CENTERS OF NEW YORK et al., Respondents. [46 NYS3d 64]—

Judgment, Supreme Court, New York County (Geoffrey D. Wright, J.), entered October 14, 2014, awarding defendant judgment on a jury verdict, and bringing up for review an order, same court and Justice, entered September 15, 2014, which, inter alia, denied plaintiff's motion to set aside the verdict and for a new trial under CPLR 4404 (a), unanimously affirmed, without costs. Appeal from the order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The jury found that defendant hospital's negligence in maintaining the sidewalk was not a proximate cause of plaintiff's accident. Plaintiff's argument of an inconsistent verdict is unpreserved (*see Barry v Manglass,* 55 NY2d 803, 806 [1981]). In any event, this case does not present a situation where the questions of negligence and proximate cause are inextricably interwoven (*see KBL, LLP v Community Counseling & Mediation Servs.,* 123 AD3d 488 [1st Dept 2014]), and the verdict was supported by a fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744 [1995]; *White v New York City Tr. Auth.,* 40 AD3d 297, 297-298 [1st Dept 2007]). While plaintiff claimed that she tripped on a hole in the sidewalk, the emergency room nurse noted in the hospital record that based on what plaintiff told her, someone had bumped into plaintiff while she was bending over to unlock her bike. Further, the nurse's notation is consistent with the

testimony of both plaintiff's and defendant's experts that the pattern of the fractures in plaintiff's wrist indicated that she fell forward with her hands outstretched, as opposed to the side of her hand striking the ground, as well as plaintiff's admission that she sustained an abrasion in her right knee. The jury's resolution of other conflicting evidence and credibility determinations are entitled to deference (*see Sulay L. v New York City Tr. Auth.*, 128 AD3d 475, 476 [1st Dept 2015]; *Manne v Museum of Modern Art*, 39 AD3d 368 [1st Dept 2007]). Concur—Friedman, J.P., Richter, Saxe, Moskowitz and Kapnick, JJ.