Madsen v Catamount Dev. Corp. (2020 NY Slip Op 06357)





Madsen v Catamount Dev. Corp.


2020 NY Slip Op 06357


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Acosta, P.J., Singh, Kennedy, Shulman, JJ. 


Index No. 157038/15 Appeal No. 12286-12286A Case No. 2020-00792 

[*1]Steven Madsen, et al., Plaintiffs-Appellants-Respondents,
v
Catamount Development Corporation, Defendant-Respondent-Appellant.


Sullivan Papain Block McGrath Coffinas & Cannavo P.C., New York (Christopher J. DelliCarpini of counsel), for appellants-respondents.
Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success (Timothy R. Capowski of counsel), respondent-appellant.



Judgment, Supreme Court, New York County (John J. Kelly, J.), entered August 6, 2019, upon a jury verdict in defendant's favor, dismissing the complaint, unanimously affirmed, without costs. Cross appeal from aforesaid judgment, unanimously dismissed, without costs, for lack of aggrievement.
After the jury returned a defense verdict, but before the jury was discharged, plaintiffs moved to set aside the verdict as irreconcilably inconsistent and against the weight of the evidence. However, plaintiffs did not submit a posttrial motion as instructed by the court and in accordance with the briefing schedule that it set. Accordingly, plaintiffs waived the issue of whether the verdict was inconsistent, and it is unpreserved for our review. In any event, the issues of negligence and proximate cause are not inextricably intertwined (see Brunson v Saint Vincent's Catholic Med. Ctrs. of N.Y., 146 AD3d 698 [1st Dept 2017]; Blechman v New York City Tr. Auth., 134 AD3d 487 [1st Dept 2015]).
We find that the verdict was neither against the weight of the evidence nor unsupported by legally sufficient evidence (see generally Killon v Parrotta, 28 NY3d 101, 108 [2016]; Cohen v Hallmark Cards, 45 NY2d 493, 498-499 [1978]). Contrary to plaintiffs' argument, the issues of fault and proximate cause were not so inextricably interwoven that it was logically impossible to find one but not the other (see Brunson at 698; Blechman at 487-488). Valid lines of reasoning and permissible inferences existed from which the jury could have concluded that padding the pole which the infant plaintiff struck at the time of her accident would not have prevented or reduced her injuries, or that some other factor, such as the boy who pushed her before her accident, was the proximate cause of her accident. Additionally, defendant's expert biomechanical engineer's testimony was not speculative, given that he based his conclusions on, among other things, the infant plaintiff's father's estimate of her speed at the time of her accident, to which the father testified as part of plaintiffs' case-in-chief (compare Doomes v Best Tr. Corp., 17 NY3d 594, 608-609 [2011]).
Since it was not aggrieved by the judgment, defendant's cross appeal therefrom is dismissed (see CPLR 5511; Royal Ins. Co. of Am. v Mercy Hosp., 204 AD2d 219 [1st Dept 1994]). To the extent that it raises an error for review which, if corrected, would support judgment in its favor (see generally CPLR 5501[a][1]; Parochial Bus Sys. v
Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]), defendant's argument is academic in view of the foregoing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020