Matter of Gonzales v N.Y.C. Dept. of Citywide Admin. Servs. (2021 NY Slip Op 00014)





Matter of Gonzales v N.Y.C. Dept. of Citywide Admin. Servs.


2021 NY Slip Op 00014


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Renwick, J.P., Gische, Kern, Oing, Mendez, JJ. 


Index No. 400163/11 Appeal No. 12751 Case No. 2018-21713 

[*1]In the Matter of Theresa D. Gonzales, Petitioner-Appellant,
v
N.Y.C. Department of Citywide Administrative Services et al., Respondents-Respondents.


Theresa D. Gonzales, appellant pro se.
James E. Johnson, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondents.



Order, Supreme Court, New York County (Lucy Billings, J.), entered on or about January 9, 2018, in this proceeding brought pursuant to CPLR article 78, to the extent it denied petitioner's motions to set aside the verdict, unanimously affirmed, without costs, and to the extent, upon respondents' motions, it imposed sanctions on petitioner's counsel, appeal therefrom unanimously dismissed, without costs.
The court properly denied petitioner's first motion to set aside the verdict, as the jury's finding in favor of respondents could have been reached on a fair interpretation of the evidence (see generally Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; KBL, LLP v Community Counseling & Mediation Servs., 123 AD3d 488, 489 [1st Dept 2014]). There was ample evidence from which the jury could reasonably conclude that petitioner had not been appointed for, and served, a probationary period, as provided in the Civil Service Law (see Education Law § 2573[4]). At least two witnesses testified that petitioner was not appointed to any position that would have involved a probationary period, and documentary evidence established that even after petitioner claimed that she had completed her probationary period, she was still listed as a provisional employee.
The court properly denied petitioner's second motion to set aside the verdict, because successive motions are not permitted under CPLR 4406 (see Spathis v Dulimof-Spathis, 103 AD3d 599, 602 [1st Dept 2013], lv dismissed in part, denied in part 22 NY3d 913 [2013], cert denied 574 US 856 [2014]). Were we to consider her argument, we would find that the jury reasonably concluded that petitioner was not a permanent noncompetitive class employee when the transfer of functions occurred in 1998 (see Civil Service Law § 70[2]). Two witnesses testified that the positions to which petitioner had been assigned were competitive and that a code entry in the payroll management system indicating that petitioner had been assigned to a noncompetitive position was the result of a clerical error. Petitioner failed to raise Civil Service Law § 50(4) or request that the jury be charged concerning the application of that statute before the jury rendered its verdict. Accordingly, petitioner's argument that she was entitled to a directed verdict, or that the verdict should have been set aside, based on Civil Service Law § 50(4) is unpreserved (see CPLR 4110-b; Peguero v 601 Realty Corp., 58 AD3d 556, 559 [1st Dept 2009]; see also Schaefer v New York City Tr. Auth., 96 AD3d 485, 485-86 [1st Dept 2012]).
The appeal from the part of the order that imposed sanctions on nonparty petitioner's counsel is dismissed, as petitioner is not aggrieved by that part of the order (Scopelliti v Town of New Castle, 92 NY2d 944 [1998]; see Tartaglione v Tiffany, 275 AD2d 319 [2d Dept 2000]).
We have considered petitioner's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, [*2]APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021