Deane v Brodman (2021 NY Slip Op 01842)





Deane v Brodman


2021 NY Slip Op 01842


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Moulton, Shulman, JJ. 


Index No. 150373/17 Appeal No. 13443 Case No. 2020-03359 

[*1]Gary K. Deane, Individually and Derivatively on Behalf of Big Machine Agency LLC, Plaintiff-Respondent,
v
Howard G. Brodman, C.P.A., et al., Defendants-Appellants, Liggett Vogt & Webb, P.A, etc., Defendant.


Goldberg Segalla LLP, New York (Christopher F. Lyon of counsel), for appellants.
The Heppt Law Office, PLLC, Port Washington (Joseph M. Heppt of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered June 18, 2020, which, insofar as appealed from, denied defendants Howard G. Brodman, C.P.A. and RBSM LLP's motion for summary judgment dismissing the professional negligence and aiding and abetting breach of fiduciary duty claims, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendants are entitled to summary judgment dismissing the professional negligence claims asserted against them as plaintiff has not offered evidence of a departure from a recognized and accepted professional standard for accountants. "A party alleging a claim of accountant malpractice must show that there was a departure from the accepted standards of practice" (KBL, LLP v Community Counseling & Mediation Servs., 123 AD3d 488, 488 [1st Dept 2014]). Plaintiff does not identify any applicable professional standard which would have required defendants to inquire whether the transactions at issue were approved in accordance with the procedures contained in the operating agreement. To the contrary, the standards proffered by plaintiff's expert permit an accountant engaged for tax preparation services to rely on information furnished by the taxpayer unless it appears to be incorrect, incomplete or inconsistent. There is no allegation here that the information provided to defendants was incorrect, incomplete or inconsistent.
Summary judgment should also have been granted dismissing the aiding and abetting breach of fiduciary duty claims. There is no evidence that defendants had actual (not constructive) knowledge that the subject transactions had not been duly authorized (see generally Kaufman v Cohen, 307 AD2d 113, 125 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021