CIT Group/Equip. Fin., Inc. v Starr Surplus Lines Ins. Co. (2023 NY Slip Op 06501)

CIT Group/Equip. Fin., Inc. v Starr Surplus Lines Ins. Co.

2023 NY Slip Op 06501

Decided on December 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2023

Before: Singh, J.P., Friedman, Gesmer, Shulman, O'Neill Levy, JJ. 

Index No. 654448/18 Appeal No. 1273 Case No. 2023-02720 

[*1]The CIT Group/Equipment Financing, Inc., Plaintiff-Respondent,
v
Starr Surplus Lines Insurance Company et al., Defendants-Appellants.

Clyde & Co LLP, New York (Christopher Carlsen of counsel), for appellants.
Blank Rome LLP, New York (Robyn L. Michaelson of counsel), and Blank Rome, Washington, D.C., (Omid Safa Esfahani, of the bar of the District of Columbia, admitted pro hac vice, of counsel), for respondent.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered April 10, 2023, upon a jury verdict in favor of plaintiff awarding it the total amount of $5,050,430.92, and bringing up for review an order, same court and Justice, entered February 2, 2023, insofar as it denied defendants' motion in accordance with CPLR 4404(a) to set aside the verdict and to enter judgment in their favor or to order a new trial, unanimously affirmed, with costs.
Supreme Court properly denied defendants' motion to set aside the verdict, as the jury's verdict in favor of plaintiff could have been reached on a fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; KBL, LLP v Community Counseling & Mediation Servs., 123 AD3d 488, 489 [1st Dept 2014]). There was ample evidence from which the jury could reasonably conclude by a preponderance of the evidence that plaintiff's lessee had obtained the required write-back coverage and that it was in effect on the date of the loss.
Although plaintiff did not produce a copy of the lessee's policy at trial, it presented significant evidence of the lessee's contractual obligations to obtain write-back coverage; its own practices which confirmed that the lessee had the write-back coverage; a certificate, which was particularly detailed and conformed to plaintiff's specific verification requirements, evincing an insurer's intent to provide the coverage; and the absence of the required notice to plaintiff that the coverage was ever cancelled. The lessee's insurer also provided documentation consistent with plaintiff's unique verification requirements not only in the year of the loss, but in both earlier and later periods, as well. In addition, the jury was presented with evidence that the insurer's signed certificate also constituted an endorsement to the policy, and that defendants' claims adjuster considered an endorsement to be sufficient proof of coverage. In contrast, defendants presented no evidence that the insurer did not actually issue the required coverage.
This Court previously determined that the certificate, standing alone, was not, as a matter of law, conclusive proof establishing that the lessee had the required coverage on the date of the loss (see CIT Group/Equip. Fin., Inc. v Starr Surplus Lines Ins. Co., 198 AD3d 505 [1st Dept 2021]). However, our decision did not foreclose a determination that an additional portion of the document, signed by the insurer and describing itself as an endorsement, could serve to endorse the policy. Following our decision on the prior appeal, the jury was presented with significant evidence of how plaintiff structured the language of the document to be, at least in part, an endorsement, and the jury had an opportunity to review the endorsement language signed by the insurer.
We have considered defendants' remaining arguments, including its arguments about the admissibility of certain documents, and find them unavailing.
THIS CONSTITUTES [*2]THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2023