| **Perillo v Marinelli** |
| 2024 NY Slip Op 30360(U) |
| February 2, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151319/2015 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     HON. DAVID B. COHEN               PART   58

*Justice*

-----------------------------------------------------------------------X

MARY PERILLO,

                                Plaintiff,

                    - v -

ANTHONY MARINELLI, NEW YORK CITY TRANSIT
AUTHORITY, MANHATTAN AND BRONX SURFACE
TRANSPORTION OPERATING AUTHORITY, MTA BUS
COMPANY, METROPOLITAN TRANSPORTATION
AUTHORITY,

                              Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151319/2015 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69. 70, 71, 72, 73, 74, 75

were read on this motion to/for               SET ASIDE VERDICT                .

In this personal injury action, plaintiff moves pursuant to CPLR 4404(a) to set aside the jury verdict as a matter of law on the issue of causation and direct judgment in her favor or, alternatively, set aside the jury verdict as contrary to the weight of evidence on the issue of causation and grant a new trial.

### I.     BACKGROUND

This matter arises from an accident that occurred on July 18, 2014, between plaintiff who was riding a Citi Bike, and a New York City Transit Authority (NYCTA) bus operated by Anthony Marinelli (defendant). The Court presided over the jury trial commencing on July 5, 2023, and concluding with a jury verdict on July 12, 2023. The jury found that defendant was negligent but that his negligence was not a substantial factor in causing plaintiff's injuries. The jury never reached the question of plaintiff's negligence.

151319/2015  PERILLO, MARY vs. MARINELLI, ANTHONY
Motion No. 001

Page 1 of 6

[* 1]

1 of 6

At trial the jury heard testimony from defendant, two bystanders, plaintiff, and plaintiff's doctor. Neither defendant nor plaintiff saw the accident. Defendant testified that he had not seen plaintiff prior to the accident and his first indication that an accident had occurred was when he looked in his mirror and saw people pointing at the side of his bus (NYSCEF 56 at 213, 224). Plaintiff testified that she was struck from behind and at the time did not know what hit her but saw people pointing in the direction of "a bus coming to a stop" (NYSCEF 57 at 402, 445). Deposition testimony from the first bystander witness was read to the jury. The witness, a doorman, testified that at the time of the accident defendant's bus was stationery. He further testified that five seconds before seeing plaintiff on the ground he saw her riding her bike while not looking forward (NYSCEF 56 at 265, 292-293). The second bystander witness, a NYCTA bus operator, testified that he saw plaintiff ride her bike into the right side of the stationery bus (NYSCEF 57 at 382, 390). Plaintiff's doctor testified that the accident was a competent producing cause of plaintiff's injuries (NYSCEF 58 at 475).

The Court charged the jury with New York Pattern Jury Instruction (NY PJI) 2:70 for proximate cause and 2:77 stating a "driver is charged with a duty to see that which, under existing circumstances, he should have seen by the proper use of his senses. If you find that defendant [Anthony Marinelli] did not observe that which was there to be seen, you may find that he was negligent in failing to look or not looking carefully" (NYSCEF 58, 60).

## II.     PLAINTIFFS MOTION TO SET ASIDE THE VERDICT

A.     Applicable Law

CPLR 4404 (a) provides that "the court may set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of

**151319/2015 PERILLO, MARY vs. MARINELLI, ANTHONY**
**Motion No. 001**

**Page 2 of 6**

2 of 6

[* 2]

law or it may order a new trial of a cause of action or separable issue where the verdict is contrary to the weight of evidence, [or] in the interest of justice."

To hold that a jury verdict is insufficient as a matter of law, plaintiff must establish that the jury's verdict was "utterly irrational" (*Killon v Parrotta*, 28 NY3d 101, 108 [2016], quoting *Campbell v City of Elmira*, 84 NY2d 505, 510 [1994]). "To conclude that a verdict is utterly irrational, requiring vacatur of the verdict, the Court must determine that 'there is simply no valid line of reasoning and permissible inferences which could possibly lead [a] rational [person] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*id.*, quoting *Campbell v City of Elmira*, 84 NY2d at 509).

To hold that a jury verdict is against the weight of the evidence and requires a new trial, plaintiff must establish that "the evidence so preponderate[d] in favor of the [moving party] that [it] could not have been reached on any fair interpretation of the evidence" (*id.* at 108, quoting *Lolik v Big Supermarkets*, 86 NY2d 744, 746 [1995]). In this analysis, a jury's resolution of conflicting evidence and credibility determinations are entitled to deference (*see Brunson v Saint Vincent's Catholic Med. Ctrs. of N.Y.*, 146 AD3d 698, 699 [1st Dept 2017]).

On a motion for a new trial in the interest of justice, the question for resolution is "whether substantial justice has been done or whether it is likely that the verdict has been affected" (*Califano v City of New York*, 212 AD2d 146, 153 [1st Dept 1995] [internal quotation and citation omitted]).

B.   Causation/Proximate Cause

Plaintiff moves to set aside the jury verdict on the issue of causation as a matter of law or, alternatively, as against the weight of the evidence arguing that "the jury could not have reached its verdict on any fair interpretation of the evidence . . . because the factual scenarios presented to

151319/2015  PERILLO, MARY vs. MARINELLI, ANTHONY
Motion No. 001

Page 3 of 6

3 of 6

[* 3]

the jury by the plaintiff and defendant were so divergent the question of causation [is] . . . inextricably interwoven with the question of negligence" (NYSCEF 53 at 2). Defendant opposes asserting that there were several reasonable alternative interpretations of the evidence that support the verdict which found that though defendant was negligent, his negligence was not a substantial factor in causing plaintiffs injuries.

Negligence alone is insufficient to establish liability absent proof that the negligence was a proximate cause of injury, which is generally a question of fact for the jury (*see Lebron v NY City Hous. Auth.*, 158 AD3d 503, 505 [1st Dept 2018]). There are certain instances where the issues of negligence and proximate cause are inextricably interwoven, as to make a split verdict on the two issues a logical impossibility, and in these matters the verdict must be set aside (*see Fisk v City of NY*, 74 AD3d 658, 659-660 [1st Dept 2010]). However, where the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted such view of the evidence (*Watson v Jade Luxury Transp. Corp.*, 114 AD3d 495, 496 [1st Dept 2014] [internal quotations and citations omitted]).

Contrary to plaintiff's argument, negligence and proximate cause are not inextricably linked here, and it was not utterly irrational nor against the weight of evidence for the jury to conclude that plaintiff met her burden of proof that defendants negligently operated the bus but did not meet her burden of proof that defendant's negligence was the proximate cause of plaintiff's injuries. During trial only one witness was able to testify that they saw the accident occur, and he stated that plaintiff rode her bike into a stationery bus. Another witness also testified that at or around the time of the accident, the bus was stationery. The jury was then charged under NY PJI 2:70 and 2:77. Based up the trial evidence, it was reasonable for the jury to have found that plaintiff established that defendants were negligent in that the bus driver did not see plaintiff prior to the

151319/2015 PERILLO, MARY vs. MARINELLI, ANTHONY
Motion No. 001

Page 4 of 6

4 of 6

collision, but that his negligence was not the proximate cause of the accident and plaintiff's injuries, as the plaintiff apparently rode her bicycle into the bus (*see Rodriguez v New York City Tr. Auth.,* 67AD3d 511 [1st Dept 2009] [reversing lower court's grant of plaintiff's CPLR 4404 (a) motion and holding that the jury verdict finding defendant's negligence was not a substantial factor in causing plaintiff's injury was neither inconsistent nor against the weight of the evidence where plaintiff sustained injuries after defendant backed bus into plaintiff's vehicle]). Defendant is entitled to the presumption that the jury adopted this view (*Watson*, 114 AD3d at 496).

In support of their argument plaintiff points to *Melia v. Jagmohan*, 2018 NYLJ LEXIS 2753 (Sup Ct, Queens County 2018, Latin R.) however the record in that matter consisted of testimony that the plaintiff was in a crosswalk when hit by a truck, the driver drove the truck into the crosswalk, had a blind spot, and heard a noise that sounded like a bicycle was struck. Additionally, plaintiff fails to provide any legal support for the proposition that where "factual scenarios presented to the jury by the plaintiff and defendant were so divergent the question of causation [is] . . . inextricably interwoven with the question of negligence".

C.   Cross Examination of Plaintiff's Doctor

Plaintiff argues that defendant's questioning related to medication in the plaintiff's current medical chart may have improperly influenced the jury, in that it insinuated she may have been a drug user. However, her contention is unavailing because she failed to object to such questioning at trial.

The parties remaining contentions are either without merit or need not be addressed given the findings set forth above.

151319/2015   PERILLO, MARY vs. MARINELLI, ANTHONY
Motion No. 001

Page 5 of 6

5 of 6

[* 5]

### III.   CONCLUSION

Accordingly, it is hereby

ORDERED, that plaintiff's motion is denied.

| 2/2/2024 | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | DAVID B. COHEN, J.S.C. | | |

HON. DAVID B. COHEN J.S.C.

| CHECK ONE: | [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | [ ] GRANTED | [X] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

**151319/2015   PERILLO, MARY vs. MARINELLI, ANTHONY**
**Motion No.  001**

**Page 6 of 6**